WILLIAM·J. HARNOIS vs. GEORGE H. CUTTING & others.

Worcester.    October 2, 1899. — October 19, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Personal Injuries — Master and Servant — Defective Appliance — Act of Fellow Servant — Negligence — Action.*

An action cannot be maintained for personal injuries caused to the plaintiff while in the defendant's employ by the breaking of a hook on a pulley which was part of an arrangement of ropes and blocks used in moving a building, such arrangement having been made by fellow servants of the plaintiff, and the block on which was the defective hook having been taken by them from a number which were at their disposal.

In an action for personal injuries caused by the breaking of an appliance, the only evidence as to the supposed defect being that upon close examination there appeared upon the inside of the appliance a spot which indicated an old flaw, and there being nothing to show what was visible on the surface, the jury are not at liberty to infer that the flaw could have been discovered from the mere fact that it existed.

TORT, for personal injuries sustained by the plaintiff through the alleged negligence of the defendants while in their employ. At the trial in the Superior Court, before *Hopkins*, J., the jury returned a verdict for the plaintiff on the fourth count of the declaration, which was at common law; and the defendants alleged exceptions. The facts appear in the opinion.

*H. Parker & C. C. Milton,* for the defendants.

*J. W. Sheehan & L. Cutting,* for the plaintiff.

HOLMES, C. J.    This is an action for personal injuries alleged to have been caused by the defective condition of appliances which the defendants were bound to keep in repair. The plaintiff, with others in the defendants' employ, was engaged in moving a building, and he was hurt by the breaking of a hook on a pulley which was part of the arrangement of ropes and blocks by which the moving was being done. The defendants excepted to a refusal to direct a verdict in their favor. In the opinion of a majority of the court the exceptions must be sustained.

It appears that the arrangement of ropes and blocks was made by fellow servants of the plaintiff, and that the block on

which was the defective hook was taken by them from a number which were at their disposal. It will be seen, also, that the use of the block and hook as they were used was a temporary incident of a particular job. *Adasken* v. *Gilbert*, 165 Mass. 443, 445. *Brady* v. *Norcross*, 172 Mass. 331.

Apart from the foregoing ground we see no sufficient evidence of negligence, supposing the defendants to have owed a duty as to the hook. The only evidence concerning the supposed defect is that upon close examination there appeared upon the inside of the hook, extending about a quarter of an inch from the surface, a black spot which indicated an old flaw. But there is nothing to show what was visible on the surface, and a jury are not at liberty to infer that a flaw could have been discovered from the mere fact that it existed. In the cases which have gone the farthest there has been some evidence that such inspection as reasonably might be required would have discovered the defect. *Spicer* v. *South Boston Iron Co.* 138 Mass. 426. *Toy* v. *United States Cartridge Co.* 159 Mass. 313.　　　　　　　　　　　　　　*Exceptions sustained.*