GEORGE W. HASKELL *vs.* CAPE ANN ANCHOR WORKS.

Essex.   March 7, 1901. — April 4, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

In an action by an experienced workman to recover for injuries from the fall of a bar of steel caused by the breaking of a defective link in the chain supporting it, it appeared, that the plaintiff attached the chain to the bar which then was hoisted by means of a crane, the plaintiff steadying the bar with his hand. While he was doing this the link next to the hook broke and the plaintiff received his injuries.  The chain used was the only one which reasonably could have been used under the circumstances.  It was made in the defendant's works by a fellow servant of the plaintiff, and the defect in the link was due to its being made from old iron instead of new.  *Held*, that a verdict for the plaintiff was justified; that the defendant was responsible for the use of due care in preparing a safe appliance for the plaintiff's use, and the chain was a permanent instrument provided for the very purpose for which it was used when it broke, and was not worn out but broke from inherent defects that should have been avoided in its making and could not be detected by inspection; and that it was no defence that the proximate cause of the breaking of the permanent appliance was the negligence of a fellow servant in making it.  *Held, also,* that the fact that the plaintiff was under a suspended weight which would crush him if it fell did not necessarily establish negligence on his part, and on the facts proved he would have been safe under the bar if the link had been made of new iron as it should have been.

For a presiding judge to state his recollection of the evidence is not charging the jury with respect to matters of fact.

HOLMES, C. J.   This is an action of tort for personal injuries caused by the fall of an ingot or bar of steel upon the plaintiff in consequence of the breaking of a chain by which the ingot

was supported. It is before us on exceptions raising the usual issues. The action is at common law and also under St. 1887, c. 270 and its amendments, but nothing turns upon the pleadings.

The plaintiff was an experienced workman in the defendant's employ. He was directed to get the ingot upon a car. He looked for a chain and took the only one he saw in the neighborhood. This was what was called a single chain, and there was nothing to indicate that it was not as good as any chain of its class. The only stronger ones were what were called double chains, of which there were two somewhere about the works, one of them however without a hook. The plaintiff testified that the single chains always were used and were the proper chains to use for bars of this size (four thousand pounds). He also testified that the double chain, even if forthcoming without a delay which would have led to some one else doing the work, could not be used for a bar of this size. This testimony, although controverted, was not contradicted. The uncontradicted evidence also showed that a single chain such as this ought to sustain four or five tons. The plaintiff attached the chain to the bar and then it was hoisted by means of a crane, the plaintiff steadying the bar with his hand. While he was doing this the link next to the hook broke, and the plaintiff was hurt. The broken link was bent, but the plaintiff testified that it was clear of the edge of the bar, and the plaintiff's expert testified that if it had not been defective it would not have broken even if it was against the edge.

The link that broke was made in the defendant's works by a fellow servant with the plaintiff. There was evidence tending to show that it had not been used much, but was defective and crystallized because made of old instead of new iron, and that it should have been made of new. Whether the use of old instead of new iron was due to the indolence of the smith who made the link, or to a failure of the defendant to furnish new iron of convenient size, it is perhaps unnecessary to inquire.

The defendant seeks to bring itself within *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209, and that class of cases. As a preliminary it argues that there were several chains including the stronger double ones, that the selection was not its business, which is true, and that if the plaintiff chose to take a single one

it was his negligence. As to this contention it is enough to say that on the evidence as we have stated it the defendant got all its rights if it was allowed to argue this point to the jury in the teeth of all the testimony in the case. But the defendant's main contention is that, if the plaintiff was justified in taking the chain that he used, the defendant did all that it was bound to do when it furnished a competent smith with sufficient materials, and that making a link was one of those transitory adjustments which the defendant had no personal duty to see carefully performed. The judge was right in ruling the other way and making the defendant personally responsible for the use of due care in preparing a safe appliance for the plaintiff's use. The chain was a permanent instrumentality, intended and provided for the very purpose for which it was used when it broke. The plaintiff was not applying it to a special, temporary use which might have been in excess of even its expected powers. *Harnois* v. *Cutting*, 174 Mass. 398. The chain was not one of those small things that would be going through a rapid course of wearing out and replacement, as to which it might and would be left to the judgment of the plaintiff and his fellow servants to decide, when one was to be discarded, so long as the defendant kept a stock of sound ones within reach. *Miller* v. *New York, New Haven, & Hartford Railroad*, 175 Mass. 363. *Harnois* v. *Cutting*, 174 Mass. 398. This was a more important matter. In a practical and business sense the chain used was, or might be found to have been, the only one within reach. It was not worn out, but broke in consequence of inherent defects that could and should have been avoided in the manufacture, and that could not be found out later. As to permanent appliances in general, of course the fact that the proximate cause of the damage was the negligence of a fellow servant in making them is no defence. *Ryalls* v. *Mechanics' Mills*, 150 Mass. 190, 194.

It is argued also that the plaintiff did not use due care. As to his not getting a double chain enough has been said. So far as could be told by inspection this chain was as good as any other single chain. Moreover it was the only one conveniently accessible. It is complained that the plaintiff did not use a tag rope, but, apart from the evidence that there was no tag rope there,

there was evidence that the way adopted by the plaintiff was the only practicable way of doing just what ·the plaintiff was ordered to dò.   The fact that a plaintiff was under a suspended weight which would crush him if it fell does not establish negligence as matter of law in all cases.   *Spicer* v. *South Boston Iron Co.* 138 Mass. 426.   *Graham* v. *Badger*, 164 Mass. 42.   In this case the plaintiff would have been safe if the link had been made of new iron, as on the plaintiff's evidence it should have been.

The defendant excepted to the statement by the judge in his charge that there was no evidence which showed, or had to his mind any tendency to show, that there.was any neglect on the part of the plaintiff in the selection of this instrumentality.   As we have said, this·was a perfectly correct statement of the testimony so far as expressly directed to that point, and we do not think it necessary to say more than that the judge immediately added that that of course was a question for the jury upon all the facts.   He recurred to and reinforced the same instruction later.

A similar answer may be made to an exception to the judge's saying to the jury that no evidence had been introduced to his recollection that there was any other tag rope on the premises, apart from the one belonging with this apparatus in use by the plaintiff, as to which it was in dispute whether the rope was there or in condition to be used.   The whole matter was left to the jury.   Moreover a judge has a perfect right, to say the least, to state his memory of the evidence to the jury.   *Sewall* v. *Robbins*, 139 Mass. 164, 168.   *Porter* v. *Sullivan*, 7 Gray, 441, 449. We have examined all the exceptions and the defendant's brief, but do not find anything further that calls for special remark.

*Exceptions overruled*

*W. H. Moody & J. H. Pearl*, for the defendant.
*J. J. Flaherty & S. T. Sears*, for the plaintiff.