ANGUS AMBURG, pro ami, *vs.* INTERNATIONAL PAPER CO.

Androscoggin.    Opinion February 23, 1903.

*Negligence.    Master and Servant.    Fellow-Servant.*

1.  The master's duty to provide reasonably safe appliances and instrumentalities with which the servants are to do their work is fully discharged if he has furnished a sufficient supply of suitable appliances, with competent men to use them, and it was understood that the servants themselves were to select such appliances from time to time as the particular occasion demanded.

2.  In such case, if by use or lapse of time an appliance becomes unfit for use, the master has a right to assume that the servants will use the means for renewal and repair which the master has placed at their hands, or that other appliances will be selected in the place of those which have become unfit, out of the supply furnished by the master.

3.  If the servant whose duty it is to make the selection is negligent in so doing, it is not the negligence of the master, but of a servant for which the master is not responsible.

4.  *Held;* that there is no evidence to support the contention that the rope in question, the breaking of which caused the plaintiff's injury, was actually furnished by the defendant for the specific use to which it was put. But if it were a fact that it had been so used by servants before the time it broke, the master would be no more responsible for its condition and use, at the time of the injury than if it had then been so used for the first time.  It would simply be a case where the foreman, who was a fellow-servant of the plaintiff, having the right and being under the duty of selecting a suitable rope, selected one lying on the floor, instead of a larger and stronger one placed at his command by the defendant; and if there was any negligence in its selection and use, it was not the negligence of the defendant, but of the plaintiff's fellow-servant.  Upon the evidence, this raises an insuperable bar to the plaintiff's right to recover.

On motion by defendant.    Motion sustained.

Action for personal injuries sustained by the plaintiff while in the employ of the defendant corporation.    The jury returned a verdict of $587.50 for the plaintiff.

The case is stated in the opinion.

*D. J. McGillicuddy and F. A. Morey,* for plaintiff.
*G. D. Bisbee and R. T. Parker,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

SAVAGE, J. The plaintiff, a servant of the defendant, was injured in the following manner: The defendant's foreman with a crew of men of whom the plaintiff claimed to be one, were engaged in the defendant's machine shop removing a heavy iron press-roll from a lathe to the floor. The roll was first lifted by the use of double chain falls, or a chain fall at each end, until it cleared the lathe. Then the foreman tied an inch rope, which he says was found lying there on the floor, around the middle of the roll, and attached it to a single chain fall which hung about four feet from the lathe. By operating this single fall, the roll, still suspended by the double falls, was pulled away from the lathe so far that practically one-half of the weight of the roll was sustained by the single fall and inch rope. While the roll was being lowered to the floor, the inch rope broke, the roll swung back towards the lathe, hit another roll lying upon the floor and forced it against the plaintiff, causing the injury complained of.

The plaintiff's sole contention is that the defendant was negligent in not providing a reasonably safe, strong and suitable rope for use with the single fall, in that the rope attached to that fall was "weak, defective and unsuitable" for the purpose for which it was used, and "suddenly broke because of its defective unsuitable condition." The defendant on the other hand contends among other things, that if the rope was weak and unsuitable, and if the use of it under the circumstances was an act of negligence, the negligence was not that of the defendant, but that of the foreman, the plaintiff's fellow-servant. And here is the only issue necessary to be considered.

It is the duty of the master to exercise reasonable care to provide reasonably safe machinery, appliances and instrumentalities with which the servant is to do his work. It was the duty of the defendant in this case to exercise that care in providing reasonably safe ropes to be used by its servants in handling the roll in question. But that duty was fully discharged if the defendant had furnished a sufficient supply of suitable ropes, with competent men to use them, and it

was understood that the servants themselves were to select such ropes from time to time as the particular occasion demanded. *Rounds* v. *Carter*, 94 Maine, 535; *Pellerin* v. *International Paper Company*, 96 Maine, 388. In such case the defendant could not be deemed to have assumed the responsibility of selecting suitable ropes for each occasion. That duty and responsibility would fall upon the servants who used the ropes. It would naturally be expected that by time and use, ropes would become worn and perhaps rotten, as it is claimed this one was, and that they would need to be replaced or renewed. It is to be assumed in such case, and the master has a right to assume, that the servants will use the means for renewal and repair, which the master has placed at their hands; and that if ropes become worn and unsuitable, others will be selected in their stead out of the supply furnished for them by the master. *Johnson* v. *Boston Tow-boat Co.*; 135 Mass. 209, 46 Am. Rep. 458; *Cregan* v. *Marston*, 126 N. Y. 568, 22 Am. St. Rep. 854. And if the servant whose duty it is to make the selection is negligent in so doing, and selects an unsuitable or unsafe one, it is not the negligence of the master, but it is the negligence of a servant for which the master is not responsible.

These general principles, however, are not in dispute. Nor is it disputed that they apply generally to the facts in this case, for the evidence is clear and undisputed that the defendant had furnished a sufficient supply of suitable ropes for the use of its servants, and that they were at liberty to make selections from them according to their own judgment. But notwithstanding this, the plaintiff contends that the rope in question was actually furnished by the defendant for the specific use to which it was put, and that there is sufficient evidence to warrant a jury in so finding; and if so, it is argued, the defendant was bound to use due care to supply a reasonably safe and suitable rope. But we do not think there is any evidence to support this contention. The only evidence is that the rope was found lying on the floor. There is no evidence that it was a part of the chain fall, or that it was designed to be used with the fall, or that it had ever been used with the fall before. But if we assume, as the plaintiff does, that it had been so used, the only proper inference to be drawn

under the circumstances is that some servant or servants of the defendant at some time or times had selected it for that use, and had so used it. But this will not aid the plaintiff. It would only be such a selection and use by servants as was to be expected by the master when it furnished a sufficient supply of suitable ropes. The single fact, if it is a fact, that it had been so used by servants before would no more make the master responsible for its condition and use, than if it had been so selected and used for the first time at the time when the plaintiff was injured.

The case then is simply one where the foreman, who was a fellow-servant of the plaintiff, having the right and being under the duty of selecting a suitable rope, selected one lying on the floor, instead of a larger and stronger one placed at his command by the defendant. If there was any negligence in its selection and use, it was not the negligence of the defendant, but that of the plaintiff's fellow-servant. Upon the evidence before us this raises an insuperable bar to the plaintiff's recovery. The verdict for the plaintiff is manifestly wrong.

*Motion sustained.    New trial granted.*