JAMES BROSNAN *vs.* NEW YORK, NEW HAVEN, AND HART-FORD RAILROAD COMPANY.

Bristol. October 27, 1908. — November 24, 1908.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability, Railroad.

At the trial of an action against a railroad company for personal injuries received by the plaintiff while in its employ, which were alleged to have been due to the negligence of one acting as a superintendent of the defendant, there was evidence tending to show that the plaintiff was employed as a common laborer about a roundhouse of the defendant, that at the time of the accident he was working under the direction of one who was taking the place of the usual superintendent, the latter being absent on account of illness, that under such direction the plaintiff and others attempted to move a turntable with a locomotive upon it, but were unable to do so, that thereupon the person acting as superintendent directed that a certain rope be procured, which was done, and, with the acting superintendent looking on, one end of the rope was attached to a locomotive not on the turntable, and an iron hook, which was ten or twelve inches long and about two inches in diameter and was fastened to the other end of the rope, was placed in a hole in the coupling attachment of the locomotive on the turntable, that then, under the direction of the acting superintendent, the engine not on the turntable was started and that thereupon the hook straightened out and, because of the tension of the rope, flew through the air and struck

the plaintiff.  It appeared that the plaintiff had assisted to move the turntable under similar circumstances on former occasions, but that never on such occasions had the rope been attached to either of the locomotives by merely placing the hook in a hole of the coupling attachment.  *Held*, that there was evidence warranting the submission to the jury of the question whether or not the plaintiff's injury was caused by negligence of a person acting as superintendent of the defendant, and that the plaintiff did not, as matter of law, assume the risk of the injury.

At the trial of an action against a railroad corporation for personal injuries received by the plaintiff while in the employ of the defendant and alleged to have been due to negligence of one in charge of a locomotive engine of the defendant, there was evidence tending to show that the locomotive engine in question was attached by a rope to another engine on a turntable in a yard of the defendant for the purpose of turning the table, that a superintendent of the defendant directed that the engine in question should be started forward and that the person in charge of it started it with a jerk, straightening out and loosening a hook which fastened the rope to the other engine, and that, because of the tension of the rope, the hook flew through the air and struck the plaintiff.  *Held*, that there was evidence which would warrant the jury in finding that under the circumstances the person in charge of the engine was negligent in starting it with a jerk.

TORT for injuries alleged to have been received by the plaintiff, while in the defendant's employ, because a hook on a rope, which was being used in the moving of a locomotive engine on a turntable, flew off when the rope was under tension and struck him.  Writ in the Superior Court for the county of Bristol dated May 14, 1906.

The case was submitted to the jury on only the second and fourth counts of the declaration, the second being under R. L. c. 106, § 71, cl. 2, alleging negligence of a superintendent of the defendant, and the fourth under cl. 3, alleging negligence of one in charge of a locomotive engine of the defendant.

The trial was before *Raymond*, J.  There was evidence tending to show the following facts: At the time of the accident, the plaintiff was employed in the defendant's roundhouse at Taunton as a laborer.  On the occasion of the accident, he had been directed by one Kelley (the evidence as to whose employment is stated in the opinion) to move a locomotive on the turntable.  Because the locomotive was unevenly balanced on the table, it was found that the men could not move it by hand, and Kelley directed that a rope, usually used for that purpose, be procured, that one end be attached to the locomotive on the table, and the other to a locomotive in the yard.  The

rope had an iron hook ten or twelve inches long and about two inches in diameter on one end, and the workmen placed this hook in a hole in the coupling attachment of the engine on the turntable, without fastening it further, and fastened the other end of the rope to the other engine. Kelley stood by looking on while the rope was being attached to the two engines, and, when it was attached, gave the direction for the engine not on the table to proceed. There was some evidence that that engine went forward with a jerk. The hook straightened out, and, because of the tension on the rope, flew from the coupling attachment and struck the plaintiff.

It also appeared that the plaintiff several times had assisted in moving a locomotive on the table by the use of the additional engine and the same rope, but that on such occasions the rope had been fastened to the locomotive on the turntable by winding it around the knuckle of the coupling attachment, and then fastening it with a hitch, and not merely by putting the hook in the hole in the attachment.

At the close of the evidence, the defendant requested the presiding judge to rule that the plaintiff had assumed the risk of the accident, and that there was no evidence for the jury on either the second or the fourth counts. The requests were refused, the jury found for the plaintiff, and the defendant alleged exceptions.

*F. S. Hall*, for the defendant.

*J. B. Tracy*, for the plaintiff.

KNOWLTON, C. J. There was ample evidence to warrant a finding that, during the illness of Phelan for several weeks before the accident, Kelley was employed by the defendant as a superintendent whose sole or principal duty was that of superintendence.

The evidence tended to show that the direct and proximate cause of the accident was the attachment of the rope to the locomotive engine on the turntable by putting the point of the iron hook into the hole in the knuckle where the coupling pin is usually placed, instead of winding the rope around the knuckle and making a hitch with the hook upon the rope. As a result of this, when the other engine, to which the other end of the rope was fastened, started up, the hook straightened

out and flew, from the strong tension of the rope, and struck the plaintiff on his jaw and caused the injury. The evidence tended strongly to show that this was an unsafe and improper way to fasten the rope, that it was done in the presence and with the knowledge of Kelley, and that Kelley was negligent in permitting it to be done, and in then giving the order to start the other engine.

The jury might well find that the plaintiff was in the exercise of due care. He was in the performance of his duty under the direction of the superintendent. Nor can it be said as a matter of law that he knew and appreciated the risk from this unusual method of using the hook and attaching the rope to the engine. It does not appear that he had ever had experience as to risks of this kind, and he well might trust much to the oversight of the superintendent. The defendant's request for a ruling that the plaintiff could not recover on the second count of his declaration was rightly refused. *Gagnon* v. *Seaconnet Mills,* 165 Mass. 221. *Reynolds* v. *Barnard,* 168 Mass. 226. *Grimaldi* v. *Lane,* 177 Mass. 565.

There was also evidence that the locomotive engine started up with a jerk which naturally would tend to break the connection with the other engine and to expose a man holding the rope to unnecessary danger. The jury might have found from this evidence, although it was contradicted, that the accident was caused by the negligence of the person in charge and control of the locomotive engine, which started up and caused the hook to straighten out and fly and strike the plaintiff. *Thyng* v. *Fitchburg Railroad,* 156 Mass. 13, 18. *Shea* v. *New York, New Haven, & Hartford Railroad,* 173 Mass. 177. The request that the plaintiff was not entitled to recover on the fourth count of the declaration was rightly refused.

*Exceptions overruled.*