PATRICK F. BAGGE *vs.* B. F. STURTEVANT COMPANY.

Suffolk.    November 12, 1908. — February 25, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil,* Ordering verdict.

In an action of tort for personal injuries, where the testimony reported in the
record shows a strong case for the defendant, yet if the jury, by taking the view
that all the evidence most strongly favorable to the plaintiff was entitled to
belief, despite apparent contradictions of it, and by discrediting the evidence
which supported the theory of the defendant, could have found facts which
gave the plaintiff a right to recover, a refusal of the trial judge to order a ver-
dict for the defendant must be sustained.

TORT for personal injuries, incurred while employed as a
laborer in the shipping room of the defendant's factory at Hyde
Park, from being struck and thrown down when engaged with
other workmen of the defendant in moving by an electric crane
a casting weighing thirty-four hundred pounds from the floor
of the shipping room to an open platform railroad freight car,
which had been brought into the building and was being loaded
with freight for shipment.    Writ dated September 5, 1905.

In the Superior Court the case was tried before *Sherman*, J.
The character of the evidence is described in the opinion.    At
the close of the evidence, the defendant asked the judge to rule
that upon all the evidence in the case the plaintiff was not
entitled to recover.    The judge refused to make this ruling, and
submitted the case to the jury, who returned a verdict for the
plaintiff in the sum of $6,500.    The defendant alleged excep-
tions, including also exceptions to the refusal or modification of
certain other rulings which have become immaterial because
they were not argued by the defendant.

*S. Williston,* for the defendant.

*P. M. Keating,* for the plaintiff.

RUGG, J.    The single exception argued by the defendant is
that the plaintiff so clearly failed to sustain the burden resting
upon him to show that he was in the exercise of due care, that
a verdict in its favor ought to have been directed.    Portions of
the testimony most favorable to the plaintiff tended to show

that he had worked in the shipping department of the defendant for about fourteen months, during which time he had often assisted in loading heavy machinery by means of an electric crane; that on the day of the accident he had been working under the immediate supervision of a foreman of the defendant, who had made the hitch, by which a shafting weighing about thirty-four hundred pounds had been attached to the crane, by putting the large ring of a chain fastened around the shafting on to the hook of the crane; that the foreman had always fastened a load in this way; that the ring, which was of seven eighths inch iron or steel, would go on the hook freely enough so that it hung straight down; that the foreman went away, leaving the plaintiff to load another shafting exactly like the first; and that the plaintiff put the ring on the hook in the same way as the foreman had done, and the ring broke, causing the injury to the plaintiff. All the material parts of this evidence were flatly contradicted by testimony introduced by the defendant, and a ring and hook, said to be like in all respects to that employed at the time of the accident, were produced in evidence, from which it appeared that the ring did not slip over the hook and hang down. It was contended by the defendant that it was manifestly careless, when moving so heavy a casting as this, to attempt to lift it by the ring slipped on to the hook, but that the safe way, the way in which the foreman had done it, was to loop the chain, and thus bring only one half the weight on the ring and no greater weight on any other part of the chain. There is much in the evidence, which tends to support this conclusion, but it could be reached only by discrediting some of the testimony introduced by the plaintiff. There was some evidence from expert witnesses that a ring, of the size of that which broke, if of proper material and in good condition, would support a load of eight thousand pounds, and that hitching a ring of that character on the hook in the way testified by the plaintiff would be safe. The testimony reported in the record shows a strong case for the defendant on the evidence, but it was still a question of fact. If the jury took the view that all the evidence most strongly favorable to the contention of the plaintiff was entitled to credence, despite the apparent contradictions of it from other sources, and discredited that

which supported the theory of the defendant, as they had a right to do if their sound judgment led them to this result, they might have found that the plaintiff put the ring, apparently capable of supporting more than twice the load it then had to carry, on to the hook of the crane in the same way in which the foreman had just done in doing the same work and always had done before, and that the ring broke, not because of the manner of its use, but by reason of crystallization or overheating, conditions not observable to the workmen.   These facts, if found, would justify the conclusion that the plaintiff was in the exercise of due care.   *Haskell* v. *Cape Ann Anchor Works,* 178 Mass. 485.   *Brosnan* v. *New York, New Haven, & Hartford Railroad,* 200 Mass. 221.

*Exceptions overruled.*