PAUL PAULSON, V. BETTENDORF AXLE COMPANY, Appellants.

**Master and servant:** CAUSE OF INJURY: BURDEN OF PROOF: EVIDENCE. Where an employee shows a reasonable cause of injury, indicating it to be the proximate result of the master's negligence, it is then for the master to show some other cause equally consistent with the facts shown to defeat recovery. In this action the evidence is held to justify a finding that the injury to plaintiff was caused by the loose condition of the wheels of a truck which he was using, causing it to tip over when loaded.

**Same:** INJURY TO SERVANT: ASSUMPTION OF RISK: INSTRUCTIONS. Where a workman was injured by the use of a truck on a rough and uneven floor, the truck having a defective axle and wheels, causing it to tip over thus casting the load upon the plaintiff, but the condition of the floor was so apparent to plaintiff that any danger to him resulting from that cause must have been known, instructions authorizing recovery either upon proof of the defective condition of the truck or of the unevenness of the floor were erroneous.

**Same:** DEFECTIVE TOOLS: SELECTION BY SERVANT: DUTY TO REPAIR. The rule that the master is not liable for injury to an employee resulting from the use of an unsuitable tool, where he has selected the same from a number of adequate and suitable tools furnished by the master, has no application where all of the tools provided are unsuitable. And the rule that a servant is bound to see that simple tools provided by the master are kept in repair, does not apply to a truck used by the servant in moving heavy objects from one place to another; especially where there was another employee whose duty it was to keep machinery about the premises in repair.

*Appeal from Scott District Court.*—HON. A. P. BARKER, Judge.

SATURDAY, MARCH 12, 1910.

ACTION to recover damages for personal injuries re-

ceived by plaintiff while in the employ of defendant. There was a verdict for plaintiff; and from the judgment thereon defendant appeals.—*Reversed.*

*T. A. Murphy, Cook & Balluff,* and *A. G. Sampson,* for appellant.

*Ely & Bush,* for appellee.

McCLAIN, J.—At the time of receiving the injury complained of the plaintiff, although a carpenter by trade, had been for some days employed with the assistance of another in handling steel bolsters, being manufactured for use in the construction of freight cars, by means of a truck, his particular duty at the time of the injury being to remove these bolsters, which weighed each about six hundred pounds and were seven to nine feet in length, from the riveting machine; the placing of the bolsters on the truck and their unloading being accomplished by means of an air hoist operated by the men themselves. Just before the accident happened, plaintiff and his fellow workman had placed their truck in a position to receive two bolsters, it being the custom to place two on each truck, when two other workmen placed another truck alongside of the truck which plaintiff was using for the purpose of loading bolsters upon it in the same manner. One bolster was placed on the other truck and a second was then placed on plaintiff's truck, whereupon the truck on which the first bolster rested tipped over, throwing the bolster upon plaintiff's foot and ankle, causing a severe injury. The two trucks were about three or four feet apart. The alleged negligence of defendant was in failing to furnish plaintiff a safe place to work; failing to keep the floor of the factory where plaintiff was at work in proper condition for the use of loaded trucks, furnishing to employees for use and requiring to be used trucks

not properly designed or fitted for the purpose, and failing to inspect the trucks used so that trucks which were old and out of repair were furnished to the workmen. In its answer the defendant denied the allegations of negligence, and alleged assumption of risk by the plaintiff.

The evidence tended to show that the floor on which plaintiff and his coemployees were working was constructed of brick laid on edge and had by use become uneven, and that the trucks used, consisting of steel frames supported by large iron wheels, one at each side in the middle, with a small wheel in the middle of each end, although of a kind usually used in handling heavy pieces of iron would have been safer and more suitable for handling these bolsters if they had been longer, the danger in their use being that in placing a bolster on one side if it was not fairly balanced and allowed to project too far forward or backward the truck might upset on account of too much weight being thrown on one or the other corner, as the corners were not supported. The evidence tends to show, also, that the truck which upset had by use become somewhat rickety; the wheels being loose on the axles so that they would wobble. It appears, also, that the axle on which the frame rested was too long so that it might slip back and forth to the extent of nearly two inches.

The contentions for appellant are substantially that there was no evidence to show the accident to have been the result of the defective condition of the truck or floor, and that the court erred in submitting to the jury as grounds of negligence the alleged insufficiency of the trucks so far as they had not become defective and the unevenness of the floor, because the plaintiff had assumed the risk of the kind of truck in use and the condition of the floor. There is also a contention that although the truck which tipped over may have become defective through use and wear, it was a simple appliance, the danger involved

in the use of which was obvious, and had been selected by the workmen using it with full opportunity to have repairs made if required.

I. The evidence as to the cause of the tipping of the truck which allowed the bolster to fall upon the plaintiff's leg is very meager. All the testimony there is on the subject tends to show only this: That the bolster had been placed on this truck in the usual way, and had remained there for two or three minutes, while another bolster was placed on plaintiff's truck, and that without any one touching it or anything ,coming against it or upon it the truck tipped and the bolster fell against the plaintiff, who was standing between the other truck and his own. The contention for appellant is that, after the bolster came to a rest the defective condition of the truck would not cause it to fall for nothing broke and the truck was not moved, while it is contended for appellee that, in the absence of any evidence that the bolster was improperly loaded, the jury had the right to infer some shifting of the platform of the truck upon the axle or some canting of the wheels due to the continuance of the weight of the heavy bolster, either of which results might properly have been found to have been due to the truck's defective condition.

1. MASTER AND SERVANT: cause of injury: burden of proof: evidence.

A witness for plaintiff testified that resting on an uneven floor the change in the position of the wheels of the truck by the placing of the load upon it might be very slow at first because of more or less dirt and stuff between the wheels and the axle, and that the body of the truck might move upon the axle so as to cause the truck to tip over after a little time, although it did not tip immediately when the weight was placed upon it. This is the explanation which the witness gave, although not in his exact language, and we think it sufficiently within the bounds of reason and common experience to justify the jury in reaching the conclusion that the looseness of the

wheels on their axle and the unnecessary play of the body of the truck from side to side caused the truck to tip over. Other causes such as the improper loading of the bolster by plaintiff's coemployees for which the defendant would not be responsible, and the original insufficiency of the style of the truck used and the general condition of the floor, both of which we think were risks assumed by the plaintiff, seem to be negatived by the testimony of the witnesses. If the loading was improper, the truck would have tipped at once; and the same result would have followed if the truck as properly constructed was insufficient. If the floor had been so uneven that the placing of the bolster upon the truck would have caused it to tip, the consequent result would also have followed at once, and we can not say, therefore, that the unevenness of the floor without the concurring cause of the defective condition of the truck could have occasioned the accident.

If we are right in our interpretation of the testimony, then there was evidence from which the jury could have found that the defective condition of the truck was the proximate cause of the accident, and the verdict is not without support. The jurors were not left to mere surmise as between a cause which would render the defendant liable and one involving no such liability, and the cases relied upon for appellant, such as *O'Conner v. Chicago, R. I. & P. R. Co.*, 129 Iowa, 636; *Tibbets v. Mason City & Ft. Dodge R. Co.*, 138 Iowa, 178, and cases therein cited, are not in point. On the contrary, we think the case within the principle announced in *Huggard v. Glucose Sugar Refinery Co.*, 132 Iowa, 724, and cases cited therein, that the cause of an accident may be inferred from circumstances, and the mere suggestion of other possible theories does not make the inference to be drawn from such circumstances a matter of mere speculation or conjecture. When the plaintiff shows a reasonable explanation of the cause of his injury which indicates it to be

the proximate result of defendant's negligence, it is for the defendant to show some other cause at least equally conceivable and equally consistent with the proved or admitted facts to defeat plaintiff's recovery. *Gordon v. Chicago, R. I. & P. R. Co.,* 146 Iowa, 588. "When a cause is shown which might produce an accident in a certain way and an accident happens in that manner, it is a warrantable presumption, in the absence of showing of other cause, that the one known was the operative agency in bringing about the result." *Brown v. Chicago, R. I. & P. R. Co.,* 107 Iowa, 254. And see, to the same effect, *Parker v. Union Station Association,* 155 Mich. 72 (118 N. W. 733); *Riley v. Cudahy Packing Co.,* 82 Neb. 319 (117 N. W. 765).

II.    There was evidence tending to show as already indicated that the brick floor was uneven, and that the form of truck in use was not a safe truck or appliance for the kind of work in which plaintiff was engaged, and the court instructed the jury that these facts with others might be considered by them in determining whether defendant was negligent within the allegations of the petition, and might, if negligence was found in these respects, return a verdict for the plaintiff, unless plaintiff was guilty of negligence on his part or assumed the risk of such dangers, and with reference to assumption of risk the jurors were told that assumption of risk did not arise until plaintiff either knew that the business was negligently conducted, or in the exercise of ordinary care should have known thereof, or should have appreciated the danger therefrom to himself. It was left to the jury to say whether it was shown by a preponderance of evidence that the plaintiff knew, or by the exercise of ordinary care should have known, of the condition of the floor or truck or both which led to his injury, and that he appreciated or in the exercise of ordinary care should have appreciated the danger to himself

2. SAME: injury to servant: assumption of risk: instructions.

of such condition in time to avoid resulting injury to himself. We think the court erred in thus including as separate and distinct grounds of negligence the uneven condition of the floor and the unsafe character, for the purposes for which they were used, of the trucks employed in defendant's factory. It may be true that the jury could find lack of knowledge and appreciation of the danger involved in the use of a defective truck on an uneven floor, so that, if the accident was found to have resulted from this combination of causes, the plaintiff might have been found not to have appreciated the danger, and therefore assumed the risk, for it does not appear that he knew of the defective condition of the truck which tipped over.

But, under the instructions, the jury would have been justified in finding for the plaintiff on account of the defective condition of the floor alone or an account alone of the form of truck used, if they reached the conclusion that either of those two causes separately was the occasion of the tipping of the truck, and that either of those conditions was the result of defendant's negligence, notwithstanding the fact that it appeared without controversy defendant had been engaged in running these trucks over this floor for a considerable period of time and was perfectly familiar with both conditions. Under the instructions, the jury might have found for plaintiff on the ground that the unevenness of the floor alone occasioned the loaded truck to tip, and yet it must be apparent that this danger was as well known to him as it could be known to any one. It will not do, as we think, to say that such danger might not have been appreciated by plaintiff. If the floor was so uneven that, when the bolster was placed upon one side of the truck, the center of gravity was outside of the point where the lower of the two wheels rested upon the floor, the truck was bound to tip over, and that danger must have been as apparent to the plaintiff as to another. Likewise, if the truck was too short for

the proper support of the bolster, so that there was danger of its tipping if the bolster was not carefully balanced, that fact also was necessarily apparent to plaintiff.

When a workman is furnished with an improper tool or unsafe appliance, the danger of the use of which is necessarily apparent to him, he can not recover if injury results from such use. *O'Tool v. Pruyn,* 201 Mass. 126 (87 N. E. 608). And, if the workman could have ascertained by reasonable observation the danger involved in the use of such appliance, such danger must be regarded as obvious and assumed by continuing in the service of the employer. *Olson v. Hanford Prod. Co.,* 118 Iowa, 55. And see, as very pertinent to this discussion, *Casey v. Chicago, St. Paul, M. & O. R. Co.,* 90 Wis. 113 (62 N. W. 624), and quotations in that opinion from other authorities. The unevenness of the floor on which the plaintiff worked was as apparent to plaintiff as it was to the master, and it was therefore an obvious risk and one assumed by plaintiff in the course of his employment. *McLaughlin v. Atlantic Mills,* 27 R. I. 158 (61 Atl. 42). We think the court erred in submitting to the jury as independent grounds of negligence the unevenness of the floor and the insufficient character of the trucks in use in defendant's factory in view of the affirmative evidence that plaintiff was perfectly familiar with both and must necessarily have appreciated the resulting risk. In view of the meager showing as to the proximate cause of the accident, we can not say that the error in this respect was without prejudice.

III. As against the alleged negligence of defendant in furnishing to its employees for use a truck which had become defective by wear, counsel for appellant invoke the rule that, where the master provides adequate tools from which the employee may make selection of those suitable for use, the master is not liable if the employee selects

3. SAME: defective tools: selection by servant: duty to repair.

tools which are obviously insufficient or defective; but this rule we think is not applicable to the case before us. It does not appear that there were other trucks in sound condition available to the employees who selected the defective truck alleged to have been the cause of the accident. The evidence tended to show that the trucks generally in use were in about the same condition. Under such circumstances, we can not say that the defendant was relieved of its obligation to furnish safe machinery. *Haskell v. Cape Ann Anchor Works,* 178 Mass. 485 (59 N. E. 1113, 4 L. R. A. (N. S.) 220). While it may be that the workman to whom simple tools are furnished suitable for the use intended is bound to see that they are kept in repair, *Wachsmuth v. Shaw Electric Crane Co.,* 118 Mich., 275 (76 N. W. 497); *Cregan v. Marston,* 126 N. Y. 568 (27 N. E. 952, 22 Am. St. Rep. 854); *Dessecker v. Phoenix Mills Co.,* 98 Minn. 439 (108 N. W. 516); *Koschman v. Ash,* 98 Minn. 312 (108 N. W. 514, 116 Am. St. Rep. 373); *Amburg v. Int. Paper Co.,* 97 Me. 327 (54 Atl. 765), the defective truck in this case was not of so simple construction as that an ordinary workman could be expected to repair it. There was an employee in defendant's factory whose special duty it was to repair machinery brought to him for that purpose, and we think it was the duty of the defendant rather than that of the employees who were using this defective truck to see that proper repairs were made. In this respect the case seems to us to be simple. If the defendant furnished to its workmen a defective appliance which was used with ordinary care, the defendant would be liable to another workmen injured by reason of the defective character of the appliance, unless the person injured was at fault, or had such knowledge of the defect in the appliance and so fully appreciated the danger which would result to him from its use by others that he can be said to have assumed the risk.

For the error pointed out in the second division of this opinion, the judgment of the lower court is *reversed*.