MARY HARRINGTON *vs.* BORDER CITY MANUFACTURING COMPANY.

Bristol.   October 24, 1921. — November 23, 1921.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Nuisance. Negligence,* In use of highway, Baseball on field by highway. *Evidence,* Inference, Presumptions and burden of proof, *Res inter alios,* Competency.

At the trial of an action by a woman against her employer for personal injuries received when she was struck by a baseball while on a highway bordering a lot of the defendant where during the noon hour other employees were playing baseball, the plaintiff testified that she had been employed by the defendant about two years, that at the time she was struck some of the defendant's employees were playing baseball about twenty-five or thirty feet from the street and adjacent thereto, and that she had seen them there every day in summer while she worked there. In cross-examination she testified that she was accustomed to take a walk during the noon hour and that about every day she passed the lot while the playing was going on, that girls gathered there to watch the play, that, while she was employed by the defendant, she had seen the ball "two or three times come out on to the street;" that when injured she was about three feet from the fence bordering the lot, and that she had been standing there about a minute to speak to some girls. *Held,* that

(1) For the defendant to allow its employees during the noon hour to engage in a game of baseball for pleasure and recreation on the lot in question could not be found to constitute a nuisance;

(2) While on the highway, the plaintiff had the rights of a traveller;

(3) The injury to the plaintiff having occurred when the employees of the defendant were playing baseball during the noon hour and not during their hour of employment, the defendant was not liable for their negligence at that time;

(4) The testimony of the plaintiff that, during her employment by the defendant of about two years, she had passed the lot almost every day and had seen ball games there during the summer time and "had seen the ball two or three times come out on to the street" did not warrant an inference that the defendant should have foreseen or anticipated that the plaintiff would or might be struck by a stray ball coming from the lot;

(5) A finding of negligence on the part of the defendant was not warranted.

It was proper at the trial above described to exclude evidence tending to show that, before the alleged injury to the plaintiff, another employee of the defendant had been struck by a baseball during the noon hour while the defendant's employees were playing in the same lot, such evidence being *res inter alios.*

TORT for personal injuries, with a declaration as amended alleging that the plaintiff "on account of the negligence of the defendant, by its servants, and agents, . . . was injured by a ball that struck her in the back." Writ dated August 11, 1917.

In the Superior Court, the action was tried before *Sisk,* J. Material evidence and exceptions saved by the plaintiff are described in the opinion. At the close of the evidence, the trial judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*D. R. Radovsky,* for the plaintiff.

*I. Brayton,* for the defendant.

CROSBY, J. This is an action of tort for personal injuries. The plaintiff testified that in the latter part of August, 1916, she was struck in the back by a baseball; that for a considerable period of time before and after the injury she had been employed by the defendant; that the accident occurred during the noon hour and while she was on Weaver Street, an "ordinary street" in Fall River, returning to the mill where she worked; that the defendant operated three cotton mills employing several thousand men; that at the time she was struck some of these men were playing baseball on a lot of the defendant about twenty-five or thirty feet from the street and adjacent thereto; that she had seen them there every day, in summer, while she worked there. On cross-examination she testified that she was accustomed to take a walk during the noon hour and almost every day passed the lot where the boys were playing; that girls gathered there to watch the play; that while she was employed at the mill she had

seen the ball "two or three times come out on to the street;" that when injured she was about three feet from the fence nearest to the side of the field where the game was played, and had been standing there about a minute to speak to some girls. She further testified that the ball game was being played in the meadow in the vacant lot at the foot of the bank and the lot stretched for a considerable distance; that it was a long, wide field without any buildings on it.

The due care of the plaintiff is not in issue. The only question is whether a finding of negligence on the part of the defendant would have been warranted.

It is plain upon the facts as disclosed by the record that for the defendant to allow its employees during the noon hour to engage in games of ball for pleasure and recreation on a large vacant field owned by it could not be found to constitute a nuisance.

If we assume without deciding that Weaver Street, which is described as an "ordinary street," was a public highway, the defendant would be liable if, by acts negligently permitted or authorized by it on its land the plaintiff was injured while she was lawfully on the highway; and she would not lose her rights as a traveller if she stopped for a minute to speak to other persons. *Judd* v. *Fargo,* 107 Mass. 264. *Smethurst* v. *Barton Square Independent Congregational Church,* 148 Mass. 261, 266. *Commonwealth* v. *Henry,* 229 Mass. 19, 22.

Cases which hold that the owner of land abutting on a highway may be liable to a person lawfully thereon for injuries caused from objects falling from the premises are not applicable to the facts in the case at bar. *Shipley* v. *Fifty Associates,* 106 Mass. 194. *Gray* v. *Boston Gas Light Co.* 114 Mass. 149. *Gorham* v. *Gross,* 125 Mass. 232. *Smethurst* v. *Barton Square Independent Congregational Church, supra. Woodman* v. *Shepard,* 238 Mass. 196.

As the persons playing ball at the time the plaintiff was injured were not so engaged during the hours of employment, the defendant is not liable for any negligence of such persons as employees.

If the plaintiff were entitled to the rights of an invited person on the defendant's land she could not recover without proof of

negligence on its part; there was nothing dangerous in allowing ball games to be played in a large field; the testimony of the plaintiff that she had been in the defendant's employ for about two years and had passed the lot almost every day and seen boys and men playing ball there during the summer time and "had seen the ball two or three times come out on to the street" falls far short of establishing negligence of the defendant in permitting games to be played on its lot. As it could not have been inferred that the defendant should have foreseen or anticipated that the plaintiff would or might be struck by a stray ball coming from the field, it follows that the defendant violated no duty which it owed to her. As she failed to sustain the burden resting on her to establish negligence of the defendant, a verdict against her was ordered rightly. *Harnois* v. *Cutting,* 174 Mass. 398. *Childs* v. *American Express Co.* 197 Mass. 337. *Shaw* v. *Ogden,* 214 Mass. 475. *Gunning* v. *King,* 229 Mass. 177.

The plaintiff offered to show that two weeks before the accident another employee of the defendant was struck by a baseball during the noon hour while the defendant's employees were playing in the same lot; the defendant offered to show that that accident occurred while the men were playing on the street. This evidence was excluded subject to the plaintiff's exception. The injury to an employee other than the plaintiff was plainly *res inter alios,* its admission would have presented collateral issues and was rightly excluded. *Whitney* v. *Gross,* 140 Mass. 232. *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386, 388. *McDowell* v. *Connecticut Fire Ins. Co.* 164 Mass. 394. *Noyes* v. *Boston & Maine Railroad,* 213 Mass. 9, 11, 12.

*Exceptions overruled.*