**Robert I. MERRITT et al., Plaintiffs, Appellants,**

v.

**UNITED STATES of America, Defendant, Appellee.**

**No. 6301**

United States Court of Appeals First Circuit.

June 1, 1964.

Andrew L. Benson, Winthrop, Mass., for appellants.

Morton Hollander, Atty., Dept. of Justice, with whom John W. Douglas, Asst. Atty. Gen., W. Arthur Garrity, Jr., U. S. Atty., and Harvey L. Zuckman, Atty., Dept. of Justice, were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is an action under the Federal Tort Claims Act.[1] The plaintiffs, hereinafter referred to in the singular, leased a dwelling in Winthrop, Massachusetts to the government for use as off-post family housing for military personnel and their dependents. A sergeant, quartered therein, after finishing his duties for the day, negligently set fire to the house by smoking in bed. Title 28 U.S.C. § 1346 (b) provides for government tort liability for the acts of an employee "while acting within the scope of his office or employment * * *." This, as to a member of the military, is defined to mean "acting in line of duty." 28 U.S.C. § 2671. The district court, finding the facts as above, dismissed the action, and plaintiff appeals.

It is settled that the phrase "acting in line of duty," while having a military sound, and, apparently, a different meaning in connection with benefit claims of military personnel against the government, with respect to the Tort Claims Act merely invokes the state law of respondeat superior. Williams v. United States, 1955, 350 U.S. 857, 76 S. Ct. 100, 100 L.Ed. 761; United States v. Taylor, 6 Cir., 1956, 236 F.2d 649, 74 A.L. R.2d 860, cert. dismissed, 355 U.S. 801, 78 S.Ct. 6, 2 L.Ed.2d 19; United States v. Hainline, 10 Cir., 1963, 315 F.2d 153, cert. den. 375 U.S. 895, 84 S.Ct. 172, 11 L.Ed.2d 124. We find nothing in the Massachusetts cases suggesting that an employee smoking in bed during his off

1. In pertinent part, 28 U.S.C. §§ 1346(b), 2671, 2674.

hours is in the course of his employment. Plaintiff concedes that there would be no government liability for the sergeant's negligence if he had been smoking, in, say, a public bar, but contends that the fact that the government supplied him with a residence meant that anything he was doing in the residence was in the scope of his employment. We would need persuasive authority to show that this was the Massachusetts law. Cf. Harrington v. Border City Mfg. Co., 1921, 240 Mass. 170, 132 N.E. 721, 18 A.L.R. 610; see also, Khoury v. Edison Elec. Illuminating Co., 1928, 265 Mass. 236, 164 N.E. 77, 60 A.L.R. 1159; Conversions & Surveys, Inc. v. Roach, 1 Cir., 1953, 204 F.2d 499.

Alternatively, the plaintiff claims that the government is liable on a theory of tort in the nature of waste. It is clear under Massachusetts law that a tenant for years may be held answerable for waste for damage to the leasehold by fire attributable to his voluntary or negligent acts, or to those of his servants in the course of their employment. See Cawley v. Northern Waste Co., 1921, 239 Mass. 540, 132 N.E. 365; Mass.Gen. Laws c. 242, §§ 1, 2. For reasons already stated this does not advance the plaintiff. He urges, however, citing Fay v. Brewer, 1825, 3 Pick., Mass., 203, that the remedy is broader; that a tenant for years would be liable in tort to the reversioner for permissive waste on account of acts committed by a stranger, and for which the tenant is in no way at fault. It has been forcefully argued that Fay v. Brewer no longer represents the law of the Commonwealth. E. g., 5 American Law of Property § 20.13 (Casner ed. 1952); 1 Walsh, Commentary on Law of Real Property §§ 9, 46, 50 (1947); 1 Tiffany, Landlord & Tenant § 110

(1910). See also, 5 Powell, Real Property § 640 (Boyer ed. 1962).[2] But even if it should still be the law of Massachusetts we do not construe the Tort Claims Act, which provides for a waiver of immunity only for loss "caused by the negligent or wrongful act or omission of any employee * * * while acting within the scope of his office or employment," 28 U.S.C. § 1346(b), as embracing liability in the absence of fault attributable on ordinary agency principles. See, e. g., United States v. Campbell, 5 Cir., 1949, 172 F.2d 500, cert. den. 337 U.S. 957, 69 S.Ct. 1532, 93 L.Ed. 1757; United States v. Eleazer, 4 Cir., 1949, 177 F.2d 914, cert. den. 339 U.S. 903, 70 S.Ct. 517, 94 L.Ed. 1333; United States v. Taylor, supra. Whether plaintiff has a contractual claim under the lease is not before us.

Judgment will be entered affirming the judgment of the District Court.

2. The broad statement that the "tenant by the curtesie, tenant in dower, tenant for life, yeares, &c. shall answer for the waste done by a stranger * * *" (Co. Litt. *54a), once had considerable currency, but it is debatable whether it was ever applied to merely negligent acts, and when more recently re-examined the New York court, recognizing its procedural origin, has rejected it altogether. Rogers v. Atlantic Gulf & Pac. Co., 1915, 213 N.Y. 246, 107 N.E. 661, L.R.A.1916A, 787, as has the Restatement of Property, section 146 (1936). See also, In re Stout's Estate, 1935, 151 Or. 411, 425, 50 P.2d 768, 773, 101 A.L.R.2d 672; Winfree v. Jones, 1905, 104 Va. 39, 51 S.E. 153, 1 L.R.A.,N.S., 201.