**Harry E. OWEN, Administrator of the Estate of Daniel J. Owen, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 635.**

United States District Court
E. D. North Carolina,
New Bern Division.
May 27, 1966.

Wallace Ashley, Jr., of Britt & Ashley, Smithfield, N. C., Lonnie B. Williams, of Marshall & Williams, Wilmington, N. C., for plaintiff.

Robert H. Cowen, U. S. Atty., by Gerald L. Bass, Asst. U. S. Atty., Raleigh, N. C., for defendant.

## OPINION AND ORDER

LARKINS, District Judge:

### SUMMARY

This cause comes before the Court as a civil action against the United States under the Tort Claims Act, filed pursuant to the provisions of Title 28 U.S.C.A. Sec. 1346(b) and Secs. 2671 et seq. Jurisdiction is provided for under the Act.

Plaintiff alleges that one Ambrose F. Canipe, a member of the United States Navy, while operating his personal automobile in accordance with military orders and within the scope of his employment, negligently collided with the rear of plaintiff intestate's taxicab as it stood parked on the side of the road and off the traveled portion thereof. Plaintiff alleges the collision resulted in injuries to his intestate causing his death, and prays for a recovery of monetary damages from the United States.

Defendant answers denying the substance of the Complaint, and by further answer insists that Ambrose F. Canipe was not acting within the course and scope of his employment but was on leave status at the time of the collision. Defendant, therefore, insists it is not liable under the provisions of the Tort Claims Act, and prays plaintiff recover nothing, the action be dismissed, and the defendant have costs.

Defendant has moved for Summary Judgment, arguing that the undisputed facts of the case establish that Ambrose F. Canipe was not acting within the course and scope of his employment within the meaning of the Tort Claims Act. Before the Court, therefore, is the question of whether or not plaintiff has alleged a claim which is justiciable under the Act.

### FINDINGS OF FACT

Ambrose F. Canipe was a member of the United States Navy stationed at the Naval Air Station, Cecil Field, Jacksonville, Florida, on November 25, 1963. On November 25, 1963, he was directed on orders of his Commanding Officer, Flight Squadron 31, Cecil Field, to proceed to the United States Naval Air Station, Oceana, Virginia, for temporary duty of approximately two weeks duration. He was to report not later than 6:00 P.M. (1800 hours), Sunday, December 1, 1963.

The original order directed Ambrose F. Canipe to report to the U. S. Naval

Air Station at Oceana, Virginia, by government-provided air transport. Paragraph 4 of the Order so specifying this mode of travel was, however, cancelled.

Paragraph 5 of the Order authorized Canipe two days delay en route, this delay to count as leave time. He was further authorized to travel by private transportation and that his address while on the two days leave would be Route 2, Hickory, North Carolina.

Paragraph 6 of the Order specified that if Canipe elected to use a private mode of transportation; that is, other than the mode provided for in paragraph 4, such travel would be at no expense to the Government. He was also not authorized per diem while on leave status.

Canipe "checked out" of Cecil Field, Jacksonville, Florida, at approximately 6:30 A.M., Friday, November 29, 1963. He departed Jacksonville by means of his private automobile, a 1962 Chevrolet 4-door sedan. His route of travel from Jacksonville, Florida, to Oceana, Virginia, was along U. S. Highway No. 17. This highway passes through Jacksonville, North Carolina.

Canipe spent the night of November 29, 1963, in Savannah, Georgia. He then departed Savannah at approximately 4:00 P.M., November 30, 1963. He made numerous rest stops as he continued northward along U. S. Highway No. 17.

At approximately 4:00 A.M. on December 1, 1963, some two miles south of Jacksonville, North Carolina, on U. S. Highway No. 17, Canipe's 1962 Chevrolet collided with a parked 1963 Plymouth, then under the control of the deceased, Daniel J. Owen, and used as a taxicab. As a result of the collision, it is alleged by plaintiff that the injuries, damages, and death complained of occurred.

Plaintiff filed a Complaint in the Superior Court of Onslow County, on December 30, 1963, in which he named Ambrose F. Canipe as defendant. Canipe filed an answer on March 20, 1964. On the Second Further Answer and Defense, Canipe alleged he was acting within the scope and course of his employment at the time of the collision. He further insisted the action should have been brought pursuant to the Tort Claims Act and, therefore, the Superior Court of Onslow County was without jurisdiction in that the United States was a party defendant.

Defendant Canipe further expressly pleaded a cross-action against the United States in his Third Further Answer and Defense. In this cross-action defendant Canipe again alleged that he was acting within the course and scope of his employment at the time of the collision complained of. He also insisted that if he was found liable, that such liability was secondary to the primary liability of the United States. He prayed the United States be made a party.

On March 20, 1964, the United States was made a party-defendant in the action in the Superior Court of Onslow County. On June 10, 1964, the United States moved it be dismissed as a party in that it had not consented to being sued in the courts of the State of North Carolina. This motion went directly to the question of jurisdiction of the Superior Court.

The parties and their counsel then agreed that the ruling on the motion of the United States should be withheld until a ruling or trial might be had in this Court wherein the status of the United States could be ruled upon. Defendant Canipe is not a party to this action in this Court.

It is plaintiff's contention in this Court that Canipe, although on leave status and although operating his personal motor vehicle, was pursuing a lawful order of the United States Navy. As a result of this condition in which Canipe found himself, plaintiff further contends Canipe was acting within the course and scope of his employment; and defendant United States was, therefore, liable for any injuries, damage and death complained of.

Defendant insists that Canipe was on leave status, and operating his own motor vehicle at his own expense. In such a

capacity, defendant insists, Canipe could not be an agent of the United States within the meaning and purpose of the Tort Claims Act under which plaintiff must bring its action against the United States.

## CONCLUSIONS OF LAW

■ It is without question that the United States is not subject to suit in tort by a plaintiff except as the United States shall permit by statute. The statutes controlling in this case are found in the Tort Claims Act, Title 28 U.S.C.A. Sections 1346(b) and 2671.

Section 1346(b) provides in part that the United States District Courts have exclusive jurisdiction over cases involving tort claims against the United States for money damages:

"* * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment,* under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." (Emphasis added.)

As far as the instant case is concerned, the critical phrase in the above-quoted section of the statute is, "while acting within the scope of his office or employment". Section 2671 is important because it defines this phrase further. Section 2671 reads, in part:

"'Employee of the government' includes officers or employees of any federal agency, *members of the military or naval forces of the United States* * * *." (Emphasis added.)

"'Acting within the scope of his office or employment', in the case of a member of the military or naval forces of the United States, means *acting in line of duty.*" (Emphasis added.)

The statutes are clear on their face, and defendant would be liable if Canipe (who was, without question, a member of the naval forces) was "acting in line of duty" at 4:00 A.M. on December 1, 1963. More specifically, the question is whether a member of the United States Navy can hold the United States liable for his negligent conduct while he is on "leave", and while operating a privately-owned motor vehicle; although en route to a new or temporary duty station.

To determine that question, it is necessary to go to the cases of the jurisdiction wherein the alleged negligent conduct occurred in order to determine how the doctrine of *respondeat superior* is to be applied. Title 28 U.S.C.A. Sec. 1346 (b); and Merritt v. United States, 332 F.2d 397 (1st Cir., 1964); McCall v. United States, 338 F.2d 589 (9th Cir., 1964); and Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955). See also United States v. Eleazer, 177 F.2d 914 (4th Cir., 1949).

Both plaintiff and defendant have cited United States v. Eleazer, supra. In that case, the plaintiff was injured in a collision between a car he was driving and one owned and driven by a Lt. Talley, a member of the United States Marine Corps. Lt. Talley was en route from his duty station at Cherry Point, North Carolina, to a new assignment at Corpus Christi, Texas. He was authorized a deday en route, such delay to be counted as leave. The collision complained of occurred while Lt. Talley was on leave status, and in the period of delay en route, within the State of North Carolina. He was en route to Corpus Christi, Texas. It was held that Lt. Talley was not acting within the course and scope of his employment at the time of collision.

■ In reaching the conclusion that Lt. Talley was not acting within the course and scope of his employment, the Circuit Court relied upon the case of Van Landingham v. Sewing Machine Co., 207 N.C. 355, 177 S.E. 126 (1934). Van Landingham, supra, held that there were four requirements in order to hold one responsible for the neglect or tort of another under the doctrine of *respondeat superior*. Specifically, these four re-

quirements are: (1) plaintiff was injured by the negligence of the wrong-doer (not in dispute for purposes of the instant motion); (2) the relation of master and servant, employer and employee, or principal and agent existed between the one sought to be charged and the alleged tort feasor; (3) the neglect of the servant, employee or agent was in the course and scope of his employment; and (4) the servant, employee or agent was engaged in the work of his master, employer or principal at the time of his allegedly negligent conduct.

The last three requirements are those which the undisputed evidence of the case show to be of importance in the case at hand. Plaintiff must establish all four requirements in order to hold one for the tort of another. Carter v. Thurston Motor Lines, 227 N.C. 193, 41 S.E. 2d 586 (1947). Without some evidence going to these four elements, a plaintiff fails to make out a *prima facie* case in North Carolina. Van Landingham v. Sewing Machine Co., supra; and Carter v. Thurston Motor Lines, supra.

Plaintiff's principal case is that of Cooner v. United States, 276 F.2d 220 (4th Cir., 1960). Although this is a case reported from the Fourth Circuit Court of Appeals, it is to be noted that the Court was constrained to follow the law of the doctrine of *respondeat superior* as applied in the State of New York. Also, although there are facts involved quite similar to those of the instant case (that is, a member of the Armed Forces involved in an automobile collision while on leave status, and en route to a new duty station), there are also material differences.

In the case at hand, the cases of United States v. Eleazer, supra; and Van Landingham v. Sewing Machine Co., supra, are controlling.

## ORDER

Therefore, it is ordered that defendant's motion for Summary Judgment be, and the same is hereby allowed.

It is further ordered that the plaintiff's claim for relief under the Tort Claims Act, Title 28 U.S.C.A. Sec. 1346 (b), be, and the same is hereby dismissed.