THOMAS VAN LANDINGHAM, JR., BY HIS NEXT FRIEND, THOMAS VAN LANDINGHAM, SR., v. SINGER SEWING MACHINE COMPANY AND U. R. RUSSELL.

(Filed 21 November, 1934.)

1. **Appeal and Error J g—Whether nonsuit should be considered solely on evidence offered before plaintiff rested held immaterial on record.**

   Where a defendant's motion as of nonsuit should be allowed whether only the evidence introduced before plaintiff rested or whether all the evidence in the case is considered, the defendant's contention that it was entitled to have the motion considered solely upon the evidence introduced before the plaintiff rested, without considering the evidence introduced by its codefendant and the plaintiff's evidence in rebuttal thereof, although defendant had cross-examined the witness of its codefendant, need not be decided on appeal.

2. **Automobiles D b—Evidence in this case held insufficient to be submitted to jury on issue of employer's liability for driving of employee.**

   Evidence that the driver of an automobile owned same but was employed by a sewing machine company and used the car for the business of his employer when occasion required, and that at the time of injury to plaintiff by the negligent driving of the car, the employee had on the rear of the automobile a sewing machine belonging to the employer, *is held* insufficient to be submitted to the jury on the issue of the employer's liability for the employee's negligent driving, and this result is not altered by further evidence that at the time of the injury the employee

was driving from the office of the employer to the employee's home for lunch, without evidence that the car owned by the employee was used exclusively for business of the employer, the evidence failing to show that the relationship of master and servant existed at the time and in respect to the very transaction out of which the injury arose.

APPEAL by the corporate defendant from *Hill, Special Judge,* at December Term, 1933, of MECKLENBURG. Reversed.

This was a civil action, instituted by the minor plaintiff, Thomas Van Landingham, Jr., by his next friend, for personal injuries alleged to have been proximately caused by the negligence of the defendant Russell while in the employment and in the furtherance of the business of his codefendant Singer Sewing Machine Company. The defendants filed separate answers.

On 15 May, 1930, the plaintiff, then a lad of about ten years of age, while on East Seventh Street, near the intersection of Alexander Street, in the city of Charlotte, was struck by an automobile driven by the defendant U. R. Russell, and injured.

There was evidence tending to show that the injury to the plaintiff was proximately caused by the negligence of the defendant Russell, as alleged in the complaint, and the jury so found. The jury also answered in the affirmative an issue reading as follows: "Was the defendant U. R. Russell, at the time alleged in the complaint, acting within the scope of his employment and in the furtherance of the business of the Singer Sewing Machine Company?"

The court signed judgment in favor of the plaintiff against both defendants, and the defendant Singer Sewing Machine Company appealed, assigning errors.

*J. Laurence Jones for appellant Singer Sewing Machine Company.*
*Tom P. Jimison, G. T. Carswell, and Joe W. Ervin for appellee.*

SCHENCK, J. Upon the plaintiff resting his case both defendants moved to dismiss the action and for a judgment as of nonsuit, which motions were denied, and the defendants excepted. Whereupon the defendant Russell offered evidence, including his own testimony, and his codefendant Singer Sewing Machine Company cross-examined Russell and the other witnesses introduced by him; and at the close of defendant Russell's evidence the plaintiff offered further evidence in rebuttal. Both defendants, when all the evidence was in, renewed their motions theretofore made to dismiss the action and for judgment as of nonsuit, and upon the motions being denied, again noted exceptions.

The defendant Singer Sewing Machine Company did not at any time introduce evidence, and now contends it has the right, upon this appeal, to have its motion for a judgment as of nonsuit considered upon the

evidence alone of the plaintiff offered prior to the evidence of its co-defendant and rebuttal evidence of the plaintiff. This raises the interesting questions as to whether the corporate defendant's position is well taken in the first instance; and if so, whether its right to have its motion so considered was waived by its cross-examination of the witnesses of its codefendant. However, we are not called upon to decide these questions, since we have reached the conclusion that the corporate defendant's motion for judgment as of nonsuit should have been granted whether the evidence taken after the plaintiff's resting his case be considered or not.

This Court, in emphasizing the essentialness of establishing the fact that the employee was acting within the scope of his employment at the time of the injury, when it is sought to hold an employer responsible for an injury inflicted by the employee, says, in the case of *Martin v. Bus Line,* 197 N. C., 720 (721-2): "When it is sought to hold one responsible for the neglect or tort of another, under the doctrine of *respondeat superior,* at least three things must be made to appear, yea four, and, upon denial of liability, the plaintiff must offer 'some evidence which reasonably tends to prove every fact essential to his success' (*S. v. Bridgers,* 172 N. C., 879, 89 S. E., 804). These are:

"1. That the plaintiff was injured by the negligence of the alleged wrongdoer. *Hurt v. Power Co.,* 194 N. C., 696, 140 S. E., 730.

"2. That the relation of master and servant, employer and employee, or principal and agent, existed between the one sought to be charged and the alleged *tort feasor. Linville v. Nissen,* 162 N. C., 95, 77 S. E., 1096.

"3. That the neglect or wrong of the servant, employee, or agent was done in the course of his employment or in the scope of his authority. *Ferguson v. Spinning Co.,* 196 N. C., 614, 146 S. E., 597; *Fleming v. Knitting Mills,* 161 N. C., 436, 77 S. E., 309.

"4. That the servant, employee, or agent was engaged in the work of the master, employer, or principal, and was about the business of his superior, at the time of the injury. *Gurley v. Power Co.,* 172 N. C., 690, 90 S. E., 943.

"It is elementary law that the master is responsible for the negligence of his servant which results in injury to a third person when the servant is acting within the scope of his employment and about the master's business. *Roberts v. R. R.,* 143 N. C., 176, 55 S. E., 509; 8 L. R. A. (N. S.), 798, 10 Ann. Cas., 375. It is equally elementary that the master is not responsible if the negligence of the servant which caused the injury occurred while the servant was engaged in some private matter of his own or outside the legitimate scope of his employment. *Bucken v. R. R.,* 157 N. C., 443, 73 S. E., 137; *Doran v. Thomsen,* 76 N. J. L., 754."

If we consider, with the admissions, only the evidence offered by the plaintiff upon the issue as to whether the defendant Russell was acting within the scope of his employment and in the furtherance of the business of the Singer Sewing Machine Company at the time and place alleged, we have, and no more, the admission that Russell was employed by his codefendant and was, at said time and place, driving an automobile which he himself owned and used when occasion required in the business of the codefendant; and evidence tending to show that at said time and place there was on the rear of said automobile a Singer sewing machine. We do not think these admissions and evidence make out a *prima facie* case upon this issue.

If we consider the evidence introduced by the defendant Russell we have added evidence tending to show, and no more, that Russell was employed by the sewing machine company upon a salary and commissions under an all-time contract, and was on his way from the office of the company to his home for lunch when his automobile struck the plaintiff, and we think, with this addition, the evidence still falls short of establishing a *prima facie* case. There is nothing in any of the evidence tending to show that the automobile which the defendant Russell owned and was driving was used exclusively for business purposes.

"The doctrine of *respondeat superior* applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged for the result of wrong, at the time and in respect to the very transaction out of which the injury arose." *Linville v. Nissen*, 162 N. C., 95 (101). This familiar principle has been repeatedly applied by this Court, most recently in the case of *Cole v. Funeral Home, ante*, 271.

We conclude that his Honor was in error in denying the motion of the Singer Sewing Machine Company for a judgment as of nonsuit.

Reversed..