This was an action to recover damages for the burning of plaintiff's motor truck, alleged to have been caused by the negligence of defendant's agents and employees while acting within the scope of their employment.
The plaintiff offered evidence tending to show that his motor truck with a load of poultry, on 3 December, 1942, was being driven north by his two drivers, Eller and Bauguess, and that near South Boston, Virginia, about 4:30 a.m., plaintiff's drivers saw defendant's truck stopped on the highway and extending across the highway so as to block passage entirely. Plaintiff's truck was stopped 50 or 60 feet away. One of *Page 178 
defendant's drivers came to plaintiff's truck and asked for a tow chain, and being told they had none, the man returned to defendant's truck, and tried to start the motor, without success. Then defendant's two drivers came back to plaintiff's truck, and the witness Eller described what happened as follows: "When they came back the second time they asked if they could get in the cab of the truck. We said `yes,' because it was cold. They got in and began to ask about a battery to start the tractor. I think Bauguess told them he did not have but one and that we had no light or wrenches to get a battery out of our truck. Bauguess says, `Boys, don't strike any matches.' I said, `No, don't strike matches!' They sat there a few minutes. I heard them say to Bauguess, `Let us get a battery out.' Bauguess said, `We have no light and got no wrench.' Bauguess spoke up again and said, `Don't strike matches.' The cab was closed. The window was closed and the door closed. One of the boys reached like he was going to get a cigarette. I said, `Don't strike a match. The gas tank has been leaking. The floor mat is saturated with gas.' He struck it and in place of blowing it out he threw it down and it caught on fire, the floor mat did." The two employees of defendant were sitting on the seat in plaintiff's cab with Bauguess, while Eller was lying immediately back of the seat in the "sleeper."
The witness Bauguess testified: "When the two boys came to our truck they wanted to know if they could get in the truck. They got in the cab and sat down. They wanted to know about the battery. I told them I didn't have any lights or wrenches and not to strike any matches. They sat there a minute or two. Mr. Eller said something about not striking a match. I said something two or three times and the first thing I knew one struck a match to light a cigarette and throwed it on the floor. When he did it caught. These boys jumped out of the truck. . . . It was one of the two who struck the match. We had been sitting in the cab maybe ten to fifteen minutes. We had been talking after they came down there. When these boys came and sat in our truck, the engine was running. It didn't run all the time, the entire fifteen minutes we were there. I cut it off. It was awfully cold. I like to have froze. While the boys were in the truck they were both sitting on the seat with me. One struck a match. He throwed it on the floor. When he threw it down the fire blazed up. It must have been burning when he threw it down. He didn't blow it out when he threw it down."
At the conclusion of plaintiff's evidence, defendant's motion for judgment of nonsuit was allowed, and from judgment dismissing the action, plaintiff appealed.
The sole question presented is the propriety of the nonsuit.
Plaintiff's evidence tended to show that the burning of the truck was due to the action of one of defendant's employees in dropping an unextinguished match on a gasoline-saturated mat on the floor of the cab of plaintiff's truck. The match had been struck to light a cigarette. The action of defendant's employee according to this evidence was negligent and the damage to plaintiff's truck proximately resulted therefrom. But liability therefor could not be imputed to the defendant, employer, unless his employee at the time of the negligent act and in respect thereto was acting within the scope of his employment. Rogers v. Black Mountain,224 N.C. 119, 29 S.E.2d 203; McLamb v. Beasley, 218 N.C. 308,11 S.E.2d 294; Liverman v. Cline, 212 N.C. 43, 192 S.E. 849; Parrish v.Mfg. Co., 211 N.C. 7, 188 S.E. 897; Van Landingham v. Sewing MachineCo., 207 N.C. 355, 177 S.E. 126; Gallop v. Clark, 188 N.C. 186,124 S.E. 145; Linville v. Nissen, 162 N.C. 95, 77 S.E. 1096; Jackson v.Tel. Co., 139 N.C. 347, 51 S.E. 1015. It is only when the relation of master and servant between the wrongdoer and his employer exists at the time and in respect to the very transaction out of which the injury arose that liability therefor attaches to the employer. Parrott v. Kantor,216 N.C. 584, 6 S.E.2d 40; Vert v. Ins. Co., 342 Mo., 629; 35 Am. Jur., 985. As the injury here complained of occurred in the State of Virginia, it may be noted that the same rule is applied in that jurisdiction as here with respect to the liability of the master for the torts of the servant committed in the course of his employment. Crowell v. Duncan, 145 Va. 459;Western Union v. Phelps, 160 Va. 674; Spence v. Oil Co., 171 Va. 621,197 S.E. 468; Power Co. v. Robertson, 142 Va. 454.
Whether the defendant's employee, in the case at bar, was acting in the course of his employment at the time and with respect to the negligent act complained of must be determined by consideration of the evidence showing the circumstance of the employee's entry into and presence in the cab of plaintiff's truck at the time.
Defendant's truck was stalled on the highway, blocking traffic. It was the duty of defendant's employees to their employer to use all reasonable effort to move the truck. They attempted to secure from plaintiff's truck a tow chain, without success. The effort to start the motor also proved unsuccessful. It was midwinter and quite cold, 4:30 a.m. Under these circumstances defendant's employees went to plaintiff's truck, climbed in the cab and sat down on the seat and inquired about a battery to start the motor on defendant's truck. They were told by plaintiff's drivers they did not have one, and that they had no lights and wrenches to disconnect the battery on their truck. Defendant's employees continued to sit there for some minutes engaged in conversation — one witness said fifteen *Page 180 
minutes. At length one of defendant's employees pulled out a cigarette to indulge in a smoke. Both Eller and Bauguess warned him not to strike a match, but he did so, and negligently threw the unextinguished match on the floor. The gasoline fumes caught fire and consumed plaintiff's truck.
It will be observed that the negligent act complained of was the throwing by defendant's employee of a lighted match on the gasoline-saturated mat in plaintiff's cab. The match had been struck to light a cigarette for the personal use of defendant's employee. The tortious act was not committed on premises, nor by the use of an instrumentality over which defendant had any control. Thus, where the driver of a taxicab became intoxicated and injured a third person the employer was held liable though the drinking was for the employee's individual purposes, since he was using the employer's vehicle apparently in the course of his employment. Crowell v. Duncan, 145 Va. 459. And where an employee in a garage, while pouring gasoline from a drum into a smaller container, dropped a lighted match on the floor causing injury, the employer was held liable. The tort was committed on employer's premises by an employee while engaged in the work for which he was employed. Jeffersonv. Derbyshire Farmers (1921), 2 K. B., 281. In our case the match was struck for the purpose of lighting a cigarette solely for the pleasure of the employee. The act at the time was in no way connected with any business for his employer, nor in furtherance thereof. If the man had struck a match for the purpose of affording light to enable him to obtain a battery to use on defendant's truck, a different rule might apply; but the evidence does not support that view.
The plaintiff relies on the case of Jefferson v. Derbyshire Farmers,supra, as an authority in support of his position. In that case the defendants were using a garage for servicing their trucks, and employed a young man named Booth to work in and about the garage. While Booth was emptying a drum of motor spirit, or benzol, into tins, he struck a match to light a cigarette and threw the match on the floor, causing a destructive fire. The Court held the defendant's employers liable on the ground that it was within the scope of Booth's employment to empty motor spirit drums in the garage, and that it was his duty to do this work with reasonable care. To smoke and throw a lighted match on the floor while doing this work was thought to be a negligent act in the performance of the work he was employed to do. In a concurring opinion it was suggested that the law cast a duty on the user of the garage to take reasonable care that no damage be occasioned by the use thereof by him or his servants; that the pouring of motor spirit involved danger, requiring special precautions, and that the act which caused damage was done while engaged in this dangerous operation. The epitome *Page 181 
of the decision is that recovery was permitted on the ground that the servant was doing the act he was employed to do, negligently.
It may be noted that the annotator of that case in 13 A.L.R., 1000, adds this criticism: "In order to justify this reasoning, the act of the servant in drawing the benzol in the presence of fire, rather than his act in throwing down a lighted match, must be regarded as the proximate cause of the injury."
In Williams v. Jones, 3 Hurlst C., 256, 159 Eng. Reprint, 528, 13 A.L.R., 997, a carpenter was at work for his employer making a signboard in a shed where there were shavings. While the employee was so engaged, for the purpose of lighting his pipe, he kindled a shaving at a match and negligently dropped the burning shaving on the floor, causing fire and damage to the building. The employer was sued, but recovery was denied. It was said the master could only be held liable if the servant was negligent in using the shed for the purposes of the master and in the course of his employment; that the act of lighting the pipe was in no way for the benefit of the master nor in the furtherance of the object of his employment; that he was employed to use the shed only for the purpose of making a signboard, and when he used it for other purposes and those purposes exclusively his own, he became an independent wrongdoer. The decision rests on the ground that there was no connection between the lighting of a pipe to smoke and the making of a signboard. A dissenting opinion in that case was based on the view that the master being in control of the shed should be held liable for negligent use of it by his servant. This case was distinguished inJefferson v. Derbyshire Farmers, supra. In another English case, Heard v.Flaungan, 10 Vict. L.R. (1), 1, the employee set fire to hay by putting a lighted pipe together with some matches in the pocket of his waistcoat while it was lying against the stack. The heat of the pipe ignited the matches and caused the fire. Recovery was denied.
The decisions of the American courts where this question has been considered are generally in support of the view that the act of striking a match to light a cigarette under the circumstances disclosed by the evidence in this case may not be considered as having been done in the course of the employment of the employee so as to impose liability on the employer for injury thereby occasioned under the doctrine of respondeatsuperior. As this question has not heretofore been considered by this Court, we cite a number of cases from other jurisdictions.
In Shuck v. Carney, 118 S.W.2d 896 (Tenn.App.), the proprietor of a garage sent his employees to remove an overturned automobile from a ditch. While so engaged one of the employees struck a match to light a cigarette and dropped the burning match on the ground where it ignited gasoline which had leaked from the overturned automobile. The automobile *Page 182 
was burned. The Court said: "The negligent act was alone the act of Reynolds (defendant's employee) and not in the performance of any duty of his employer."
In Kelly v. Oil Ref. Co., 167 Tenn. 101, defendant's employee while delivering gasoline to a merchant, went in the store to telephone his employer about a matter pertaining to the business of his employer, and while using the telephone he lighted a cigarette and tossed the unextinguished match where it set inflammable matter on fire and caused damage. The Court said: "The defendant's servant entered the Brockwell store and took his position at the telephone in furtherance of his service and was to that extent acting within the scope of his employment. But the act of lighting the cigarette was not incident to the telephoning and had no relation to it."
In Herr v. Simplex Paper Box Corp., 330 Pa., 129, an employee of defendant went out of the factory to sign a receipt to the tank driver for gasoline delivered, and struck a match to light a cigarette which ignited gasoline fumes and caused damage. Recovery was denied. The Court said: "Smoking was an act in no way connected with the business of his employer or with service to it."
In Adams v. Telephone Co., 295 F., 586, a repairman was sent to plaintiff's home to repair a telephone and while there emptied his pipe over the porch railing, causing damage from fire. It was held that the act of the employee, merely to serve his own pleasure or purpose, had no connection with the duties of his employment and recovery was denied.
In Feeney v. Standard Oil Co., 58 Cal.App. 587, an employee of the oil company spilled gasoline on the cement floor of a garage while making delivery. After completing delivery the employee engaged in conversation and while so doing lighted a cigarette and negligently dropped the match on the floor, causing fire which destroyed the building. It was held defendant was not responsible for the servant's negligence because lighting a cigarette was no part of the transaction of defendant's business, but an independent act of the employee for his personal enjoyment and not in the course of his employment. To same effect is the holding in Yore v. PacificGas Elec. Co., 99 Cal.App. 81. See also Morier v. Ry. Co., 31 Minn. 351;Eaton v. Lancaster, 79 Me. 477; Ireton v. Ry. Co., 96 Kan. 480; andGoodloe v. R. R., 107 Ala. 233.
In Palmer v. Keen Forestry Asso., 80 N. H., 68, 112 A. 798, where laborers were employed to set out trees, and one of them struck a match to light a cigarette and carelessly dropped the lighted match in dry grass causing damage, nonsuit was reversed, not on the ground that smoking and dropping a lighted match was in the course of the laborer's employment, but on the ground that defendant had knowledge of the habit of the laborers of smoking while at work in the plaintiff's field, and that *Page 183 
the question was raised whether the act complained of was reasonably to have been apprehended by defendant. Other similar cases where recovery was permitted on the ground that the employer knew of the propensity of employees to smoke while at work near inflammable matter are Keyser CanningCo. v. Klots Throwing Co., 94 W. Va. 346, and Triplett v. Public ServiceCo., 128 Nebraska, 835. And where danger from fire was inherent in the situation if smoking was permitted on the premises, as where an employee while putting gasoline into an automobile flipped a lighted cigarette over the open tank causing fire, recovery was sustained. Wood v. Saunders, 238 N.Y. S., 571. In McKinney v. Bland, 188 Okla. 661, the driver of a harvester while harvesting wheat threw a lighted match into the wheat. Recovery was allowed, since the negligent act was committed by the employee during and in the course of his employment. To the same effect is VincennesSteel Corp. v. Gibson, 194 Ark. 58.
In Maloney Tank Mfg. Co. v. Mid-Continent Petroleum Corp.,49 F.2d 146, where an employee engaged in dismantling tanks where the ground was oil soaked caused a fire by stopping to light a cigarette and throwing the match on the ground, recovery was sustained on the ground that where the master sends out servants to do work of such nature that the master knows damage is likely to occur if the servant smokes and strikes matches, a duty devolves on the master to see that his servants exercise due care. In that case the work the employee was sent to do was said by the Court to be inherently dangerous.
These cases would seem to rest not on the principle of respondeatsuperior, but on want of due care on the part of the employer as owner of the premises or instrumentality involved under circumstances importing danger. Annotation 31 A.L.R., 294.
We think the rule applicable to the facts disclosed in the case at bar is aptly stated in Restatement Law of Agency, sec. 235, as follows: "An act of the servant is not within the scope of employment if it is done with no intention to perform it as a part of or incident to a service on account of which he is employed."
For the reasons stated we conclude that the court below has correctly ruled, and the judgment is
Affirmed. *Page 184