J. H. OVERTON v. W. D. HENDERSON AND MARGARET H. COLE, T/A THE CHIEF MOTEL

No. 756SC635

(Filed 17 March 1976)

1. **Master and Servant § 33— assault by employee — no responsibility of employer**

   In an action to recover damages by reason of an assault made on plaintiff when defendant Henderson shot him, the trial court properly directed verdict in favor of defendant Cole, Henderson's employer, since there was no evidence from which the jury could find that defendant Henderson's assault on plaintiff was committed while he was engaged in performing any duty of his employment.

2. **Damages § 3— injury from assault — present worth of future damages — failure to instruct — error**

   In an action to recover damages for assault it was error for the trial court in instructing the jury on the issue of compensatory damages to limit recovery to past and present damages without including recovery for the present worth of future damages proximately resulting from the assault, since there was evidence that at the time of the trial plaintiff had a scar on his neck as result of one of the bullets fired by defendant, shattered portions of the bullet had never been removed from plaintiff's head, he still took medicine which he received from the doctor at the time of the assault, the back of his head still hurt, and he was not able to work all day because of severe headaches.

APPEAL by plaintiff from *Tillery, Judge.* Judgment entered 23 April 1975 in Superior Court, HERTFORD County. Heard in the Court of Appeals 13 November 1975.

This is a civil action to recover compensatory and punitive damages by reason of an assault made on plaintiff when defendant Henderson shot plaintiff on 25 October 1971. Plaintiff alleged that on this occasion Henderson was acting as agent of his co-defendant, Mrs. Margaret Cole, within the course and

scope of his employment as such agent. Defendant Cole denied these allegations. Plaintiff's evidence showed:

On the afternoon of 25 October 1971 Henderson walked into plaintiff's barber shop in Ahoskie while plaintiff was cutting a customer's hair. Henderson sat down and engaged in conversation with a waiting customer. During the course of the conversation Henderson asked the customer if he knew that man, pointing to plaintiff. The customer replied that he did, whereupon Henderson said, "I'm going to shoot him." Plaintiff asked Henderson to leave, stating he did not want any trouble. Henderson then shot at plaintiff two or three times with a pistol, one of the shots striking plaintiff at the base of his skull. Plaintiff was taken to the hospital, where he was given blood and treatment for his wounds. He remained in the hospital nine days.

Defendant Cole, who is Henderson's sister, owned and operated a motel in Ahoskie. Henderson lived at the motel and at times worked at the desk, renting rooms and checking customers in and out. He made deposits and had authority to sign checks on the motel bank account, and at times he signed salary checks for other employees. He supervised other employees at the motel, including plaintiff's son, who worked there prior to September 1971. The son testified that when Mrs. Cole employed him she told him Henderson would be his supervisor and he was to take any orders and his working schedule from Henderson. Plaintiff's son also testified that Mrs. Cole told him that when she was in Ahoskie, he should turn the money over to her at night, but if she was not in Ahoskie, he would turn it over to Henderson when he was sober, and he should get assistance from his father when he needed it.

On Friday, 22 October 1971, plaintiff mailed a letter to Mrs. Cole at the motel. In this letter plaintiff asked that Mrs. Cole pay him for work he had done for her at the motel. On Saturday afternoon, 23 October 1971, Henderson phoned plaintiff and said, "I want to know why you sent my sister a letter demanding pay for you working here because you have never worked here a minute in your entire life." Plaintiff replied that the letter was between him and Mrs. Cole, whereupon Henderson said, "God damn it, I will kill you for it one way or the other."

Mrs. Cole, called by plaintiff as an adverse witness, testified she did tell Henderson that plaintiff had never worked for

her, but stated that she did not tell Henderson to do anything about the letter.

At the close of plaintiff's evidence the court allowed the motion by defendant Cole for a directed verdict. The jury answered issues finding that Henderson assaulted plaintiff and awarded plaintiff $5,000.00 as compensatory damages and nothing as punitive damages. From judgment on the verdict, plaintiff appealed.

*Cherry, Cherry, Flythe and Evans by Joseph J. Flythe for plaintiff appellant.*

*Carter W. Jones by Ralph G. Willey, Jr., for defendant appellees.*

PARKER, Judge.

Plaintiff first contends the court erred in directing verdict for defendant Cole, the alleged principal. We find no error in this regard.

Our Supreme Court has had many occasions to examine the law applicable to cases in which it is sought to hold a principal or employer liable for an assault committed by his agent or employee, most recently in *Clemmons v. Insurance Co.,* 274 N.C. 416, 163 S.E. 2d 761 (1968) and in *Wegner v. Delicatessen,* 270 N.C. 62, 153 S.E. 2d 804 (1967). Insofar as pertinent to the present case, the applicable principles of law derived from the opinions in those cases may be summarized as follows: The principal is liable for the acts of his agent, whether malicious or negligent, and the employer for similar acts of his employees, which result in injury to third persons, when the agent or employee is acting within the line of his duty and exercising the functions of his employment. The test is whether the act was done within the scope of his employment and in the prosecution and furtherance of the business which was given him to do. "If the servant was engaged in performing the duties of his employment at the time he did the wrongful act which caused the injury, the employer is not absolved from liability by reason of the fact that the employee was also motivated by malice or ill will toward the person injured, or even by the fact that the employer had expressly forbidden him to commit such act. . . . If the act of the employee was a means or method of doing that which he was employed to do, though the act be unlawful and unauthorized or even forbidden, the employer is

liable for the resulting injury, but he is not liable if the employee departed, however briefly, from his duties in order to accomplish a purpose of his own, which purpose was not incidental to the work he was employed to do." *Wegner v. Delicatessen, supra,* pp. 66, 67. However, it is not enough to render the employer liable that the employee did the wrongful act for the purpose of benefiting the employer.

[1] Applying these principles to the present case, we find that the directed verdict for the employer, the defendant Cole, was properly entered. The evidence shows that she employed her brother, Henderson, to work at her motel, and that she authorized him to deal with the guests, checking them in and out, and to supervise other employees. She also authorized him to make deposits in the bank account which she maintained in connection with the motel business and to draw checks on that account. However, when Henderson assaulted the plaintiff, he was not engaged in performing any of the work he was employed to do. He was not dealing with a guest or supervising any other employee, and he was not even on his employer's premises. Apparently his animosity toward plaintiff was aroused by the letter which plaintiff wrote to Mrs. Cole in which plaintiff claimed she was indebted to him for work plaintiff performed at the motel, but there was no evidence that it was any part of Henderson's duties to settle claims against his employer. Clearly, there was no evidence that Mrs. Cole ever expressly authorized Henderson to perform any such function on her behalf and such a function cannot be reasonably implied from the duties which she did authorize him to perform. Since there was no evidence from which the jury could find that Henderson's assault on plaintiff was committed while he was engaged in performing any duty of his employment, the directed verdict in favor of his employer was properly granted.

[2] The court properly submitted plaintiff's action against defendant Henderson on issues as to (1) whether Henderson assaulted plaintiff, (2) compensatory damages, and (3) punitive damages. The jury answered the first issue in plaintiff's favor, answered the second issue in the amount of $5,000.00, and answered the third issue "None." We find no error in connection with the first and third issues. However, the plaintiff has assigned error to a portion of the court's charge to the jury bearing upon the second issue in which the court instructed that a person who has been injured as result of an assault "is

entitled to recover in a lump sum the present worth of all the damages, past and present, which naturally and proximately result from that assault." Nowhere in the charge did the court instruct the jury that they might consider any future losses which plaintiff may incur as result of the assault. There was evidence that at the time of the trial plaintiff had a scar on his neck as result of one of the bullets fired by Henderson, that shattered portions of the bullet had never been removed from plaintiff's head, that he still took medicine which he received from the doctor at the time of the assault, that the back of his head still hurt, and that he was not able to work all day because of severe headaches. In view of this evidence, it was error for the court in instructing the jury on the issue of compensatory damages to limit recovery to past and present damages. On the evidence plaintiff was entitled to recover also an award for the present worth of future damages proximately resulting from the assault.

The result is:

The order allowing defendant Cole's motion for a directed verdict in her favor is affirmed.

For error in the court's charge to the jury on the issue of compensatory damages, plaintiff is entitled to a new trial on that issue. The new trial will be limited to the issue of compensatory damages, and the jury's answers to the first and third issues will not be disturbed.

Affirmed in part and remanded for a new trial on the issue of compensatory damages.

Judges MORRIS and MARTIN concur.