FELTS v. HOSKINS

[115 N.C. App. 715 (1994)]

━━━━━━━━

JOAN FELTS, Administrator of the Estate of MICHAEL DAVID MOORE, Plaintiff v. CHARLES RICHARD HOSKINS and HOSKINS FARMS, INC., Defendants

No. 9321SC607

(Filed 2 August 1994)

**Principal and Agent § 45 (NCI4th)— automobile accident— driver not acting within scope of his employment**

In an action to recover for injuries arising out of an automobile accident, the trial court properly entered summary judgment for defendant farm where the evidence established that the individual defendant was not acting within the scope of his employment with defendant farm at the time the accident occurred.

**Am Jur 2d, Agency §§ 73-77, 270, 362, 363.**

Appeal by plaintiff from order entered 16 December 1992 by
Judge James A. Beaty, Jr., in Forsyth County Superior Court. Heard in
the Court of Appeals 21 March 1994.

*Bennett & Blancato, by William A. Blancato, for plaintiff
appellant.*

*Tuggle Duggins & Meschan, P.A., by J. Reed Johnston, Jr., and
Denis E. Jacobson, for defendant appellee.*

COZORT, Judge.

Plaintiff appeals the entry of summary judgment in defendant
Hoskins Farms, Inc.'s favor on the ground that defendant Charles
Richard Hoskins was not acting as the farm's agent at the time of the
alleged negligent act which is the basis for this action. We affirm.

This action was filed on behalf of Michael David Moore to recov-
er damages for his wrongful death when he was killed in an automo-
bile collision. An identical action was filed seeking damages for the
wrongful death of Randel Scott Felts, who was Moore's stepbrother
and who was driving the vehicle in which Moore was riding when he
was killed. The accident occurred on 4 February 1992 on Route 65
near Walkertown, North Carolina, when a trailer attached to a pickup
truck driven by Charles Hoskins came loose, crossed the centerline,
and collided with Felts' Ford Escort.

Plaintiff sued both Hoskins, the driver of the truck, and Hoskins
Farms, Inc., where defendant Hoskins held the office of vice presi-
dent. Plaintiff alleged that defendant Hoskins was the agent or
employee of Hoskins Farms, Inc., at the time of the accident. Defend-
ant Hoskins Farms, Inc., moved for summary judgment.

Evidence before the trial court for summary judgment purposes
indicated the trailer hitch was inadequate to hold the trailer to the
towing vehicle. Defendant Hoskins was transporting a Black Angus
steer to the slaughterhouse at the time of the accident. Defendant
Hoskins stated in his deposition that the beef was to be used for his
personal consumption and was not for the benefit of Hoskins Farms,
Inc. (Hoskins Farms). Hoskins Farms is a corporation owning four
tracts of land totaling approximately 600 acres. Defendant Hoskins is
the vice president and a shareholder of defendant Hoskins Farms. He
manages the farm property along with his sisters, who are also share-
holders. The land owned by Hoskins Farms is leased to a tenant who
conducts the farming operations. The tenants who rented the land at

FELTS v. HOSKINS

[115 N.C. App. 715 (1994)]

the time of the accident grew wheat and tobacco; they did not raise livestock. Defendant Hoskins owns his own farm where he raises cattle. He admitted that his cattle, including the steer he was transporting at the time of the accident, grazed partially on land owned by the corporation.

Defendant Hoskins testified that the 1968 Ford truck he had been driving at the time of the accident had been purchased a month earlier to replace another truck which was owned and registered in the name of Hoskins Farms. The truck being replaced was covered by a corporate insurance policy; however, the truck involved in the accident was registered to defendant Hoskins individually and covered by his personal insurance. Defendant Hoskins acknowledged that, when the responding officer arrived at the scene, he mistakenly had given the name of the corporation's insurance company, rather than his own, as the insurer of the vehicle. Defendant Hoskins also testified that the trailer attached to the truck was not registered. He had purchased the trailer himself years prior to the date of the accident. The trailer was stored on farm property owned by the corporation when not in use.

Based on the evidence presented, the trial court granted Hoskins Farms' motion for summary judgment on the ground that defendant Hoskins was not acting as an agent or servant of the farm at the time of the accident. Following entry of that order, plaintiff and defendant Hoskins reached a settlement of the claims between them, and a notice of dismissal with prejudice was filed on 8 April 1993 reflecting such agreement. Plaintiff thereupon filed notice of appeal from the final judgment on 14 April 1993.

The sole question presented on appeal is whether the trial court erred by granting Hoskins Farms' motion for summary judgment based on a finding that defendant Hoskins was not acting on behalf of the corporation at the time of the accident. Our standard of reviewing the entry of summary judgment is whether the pleadings, depositions, answers to interrogatories, along with other discovery material and any affidavits, show there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990); *Meadows v. Cigar Supply Co.*, 91 N.C. App. 404, 371 S.E.2d 765 (1988).

A principal is liable for torts of his agent when the agent commits a negligent act within the scope of the agent's employment and in furtherance of the principal's business. *Hogan v. Forsyth Country Club*

*Co.*, 79 N.C. App. 483, 491, 340 S.E.2d 116, 121, *disc. review denied*, 317 N.C. 334, 346 S.E.2d 140, *disc. review denied*, 346 S.E.2d 141 (1986). Plaintiff argues that the insurance information given to the police officer at the accident scene, defendant Hoskins' purpose for using the truck, and credibility questions concerning defendant Hoskins' testimony "raise a strong inference that he was acting on behalf of the farm and that the farm benefitted from his activities." We disagree.

Contrary to plaintiff's assertion, the evidence, taken in the light most favorable to plaintiff, establishes that defendant Hoskins was not acting within the scope of his employment at the time the accident occurred. The pickup truck and trailer involved in the accident were owned by defendant Hoskins, not Hoskins Farms. At the time of the collision, defendant Hoskins was transporting a steer to a slaughterhouse in Walnut Cove, North Carolina. He testified the meat from the steer was to be used for his family's consumption and not for use by Hoskins Farms. The corporation itself does not engage in raising livestock; instead it rents the land to tenants who also do not raise livestock. Plaintiff has not presented any evidence to demonstrate how Hoskins Farm benefited from the trip to the slaughterhouse. Plaintiff simply fails to show defendant Hoskins was on corporate, rather than personal, business at the time of the collision. Accordingly, no vicarious liability will lie with respect to defendant Hoskins Farms. The trial court properly granted defendant Hoskins Farms' motion for summary judgment. The trial court's order is thus

Affirmed.

Chief Judge ARNOLD and Judge LEWIS concur.