DAVID ESTES, as Trustee for ESTES FAMILY REVOCABLE TRUST, Plaintiff v. COM-STOCK HOMEBUILDING COMPANIES, INC.; COMSTOCK HOLDING COMPANY, INC., COMSTOCK HOMES OF NORTH CAROLINA, L.L.C. and COMSTOCK HOMES OF RALEIGH, L.L.C. and HEIDI HASKELL, Defendants

No. COA08-730

(Filed 3 March 2009)

**Employer and Employee; Negligence— respondeat superior— course and scope of employment—smoking—summary judgment**

The trial court did not err by granting plaintiff's motion for partial summary judgment and denying defendant company's motion for summary judgment based on its finding that defendant sales assistant was within the course and scope of her employment when she started a fire to a model house by failing to completely extinguish a cigarette on the deck of the model home when going to answer the phone, and thus by imputing her negligence to defendant company under the theory of respondeat

superior, because: (1) the sales assistant was required by her employer to remain on the premises of the model home unless she was showing a property to a potential customer, and she did not deviate from that duty; (2) the sales assistant was required to answer the telephone when it rang, and she put out the cigarette perhaps hastily in order to answer the telephone when it rang; (3) the sales assistant was on the premises where she was required to be and the negligence occurred when she went to perform one of those duties; (4) the act of smoking while on duty did not take the sales assistant out of her scope of employment despite the personal nature of the activity when there was a nexus between her attempt to put out the cigarette and the answering of the telephone for her employer; and (5) whether the sales assistant was permitted to smoke on the premises was not relevant since performing a forbidden act does not necessarily remove an employee from the course and scope of employment.

Appeal by defendants from an order entered 4 February 2008 by Judge A. Leon Stanback, Jr. in Wake County Superior Court. Heard in the Court of Appeals 10 December 2008.

*Brown, Crump, Vanore & Tierney, L.L.P., by R. Scott Brown and W. John Cathcart, Jr., for plaintiff-appellee.*

*Heidi Haskell, defendant-appellee, pro se.*

*Ragsdale Liggett PLLC, by Walter L. Tippett, Jr. and Amie C. Sivon, for defendant-appellants.*

HUNTER, Robert C., Judge.

On 19 April 2004, a fire negligently started by defendant Heidi Haskell ("Ms. Haskell"), an employee of defendant Comstock ("Comstock"),[1] caused damage to a house located at 1004 Fairfax Woods Drive in Apex, North Carolina. At the time of the fire, the house was owned by David Estes ("plaintiff"), as Trustee for Estes Family Revocable Trust, but was leased to Comstock as the sales model home for a housing subdivision. Plaintiff brought an action against both Ms. Haskell and Comstock. After the completion of discovery, both parties submitted motions for summary judgment on the issue of respondeat superior. The trial court ruled in favor of plaintiff, finding that Ms. Haskell was within the course and scope of her em-

---

1. We refer to the Comstock defendants collectively as "Comstock."

ployment when the negligent act occurred, and therefore her negligence was imputed to Comstock. Comstock appeals from this order. After careful review, we affirm.

## Background

On the day of the fire, Ms. Haskell was the only sales assistant on duty at the model home. According to the deposition of Ms. Haskell's supervisor, it was Comstock's policy for a single sales assistant not to leave the premises of the model home for any reason other than to show a property to a potential customer. There is no dispute that Ms. Haskell followed that directive.

According to the written job criteria list prepared by Comstock, Ms. Haskell was required to perform many tasks associated with sales while on duty, such as assisting any potential customer who entered the model home and answering the telephone. She was also required to perform certain clerical duties and general maintenance of the property, such as changing light bulbs and removing trash or debris around the exterior of the house.

Immediately before the fire started, Ms. Haskell went onto the attached deck of the model home to smoke a cigarette. While doing so, she heard the telephone ring inside the house. She attempted to put out her cigarette, went inside, and answered the telephone. However, Ms. Haskell failed to completely extinguish the cigarette, which resulted in a fire and extensive damage to the model home. The Apex Fire Department and an independent cause and origin expert found that the fire was caused by the cigarette.

On 16 September 2005, plaintiff filed a complaint against Comstock, its holding companies and related entities, and Ms. Haskell.[2] Plaintiff alleged, *inter alia*, that Ms. Haskell was negligent and as an employee of Comstock, acting within the scope of her employment, Comstock was liable for plaintiff's damages under a theory of respondeat superior and/or agency.

After completion of discovery, Comstock filed a motion for summary judgment on 15 January 2008, claiming that Ms. Haskell's negligence occurred outside the scope of her employment and thus

---

2. Comstock Homebuilding Companies, Inc.; Comstock Holding Company, Inc.; Comstock Homes of North Carolina, L.L.C.; and Comstock Homes of Raleigh, L.L.C. were named defendants in this action. At the time of appeal, all defendants were dismissed, pursuant to a consent order, with the exception of Ms. Haskell and Comstock Homes of North Carolina, L.L.C.

Comstock was not liable pursuant to the doctrine of respondeat superior. On 16 January 2005, plaintiff filed a partial motion for summary judgment as to the applicability of the doctrine of respondeat superior, asking the court to find that Ms. Haskell was acting within the scope of her employment as a matter of law. On 4 February 2008, the trial court granted plaintiff's motion for partial summary judgment, finding that Ms. Haskell was acting within the scope of her employment when the negligent act occurred and that as a result, her negligence should be imputed to Comstock under the doctrine of respondeat superior.

On 11 February 2008, the trial court granted summary judgment in favor of both plaintiff and Comstock against Ms. Haskell as to liability, finding Ms. Haskell's negligence was the cause of the fire and plaintiff's resulting damages. A judgment in the amount of $225,000.00 was entered against Ms. Haskell on plaintiff's claim as well as on Comstock's crossclaim against her. On 9 May 2008, Comstock Homes of North Carolina, L.L.C. entered into a consent judgment in the amount of $225,000.00, to be paid when all appeals are exhausted. Upon entry of the judgment, plaintiff agreed to dismiss without prejudice all claims against defendants, other than Comstock Homes of North Carolina, L.L.C. and Heidi Haskell.

On appeal, Comstock does not dispute that Ms. Haskell was negligent. The only issue on appeal is whether the 10 February 2008 grant of partial summary judgment for plaintiff on the issue of respondeat superior was proper.[3]

Analysis

Comstock argues that the trial court erred in granting plaintiff's motion for partial summary judgment and denying Comstock's motion for summary judgment. Comstock contends that summary judgment should have been awarded in its favor because as a matter of law Ms. Haskell was not acting within the course and scope of her employment when she negligently caused the fire, and therefore her liability should not have been imputed to Comstock under the doctrine of respondeat superior.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with

---

3. An appeal from an order denying partial summary judgment for defendant is typically interlocutory, however, a final determination as to liability and damages was reached in this case, therefore this appeal is not interlocutory.

the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). The standard of review from a grant or denial of summary judgment is *de novo*. *Builders Mut. Ins. Co. v. North Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006).

### I. The Doctrine of Respondeat Superior

In an action against the employer under a theory of respondeat superior, plaintiff must show:

"1. That the plaintiff was injured by the negligence of the alleged wrongdoer.["]

"2. That the relation of master and servant, employer and employee, or principal and agent, existed between the one sought to be charged and the alleged *tort feasor*.["]

"3. That the neglect or wrong of the servant, employee, or agent was done in the course of his employment or in the scope of his authority.["]

"4. That the servant, employee, or agent was engaged in the work of the master, employer, or principal, and was about the business of his superior, at the time of the injury.["]

"It is elementary law that the master is responsible for the negligence of his servant which results in injury to a third person when the servant is acting within the scope of his employment and about the master's business. It is equally elementary that the master is not responsible if the negligence of the servant which caused the injury occurred while the servant was engaged in some private matter of his own or outside the legitimate scope of his employment."

*Van Landingham v. Sewing Machine Co.*, 207 N.C. 355, 357, 177 S.E. 126, 127 (1934) (quoting *Martin v. Bus Line*, 197 N.C. 720, 722, 150 S.E. 501, 502 (1929) (citations omitted)). "It is only when the relation of master and servant between the wrongdoer and his employer exists at the time and in respect to the very transaction out of which the injury arose that liability therefor attaches to the employer." *Tomlinson v. Sharpe*, 226 N.C. 177, 179, 37 S.E.2d 498, 500 (1946).

There is no dispute that Ms. Haskell was an employee of Comstock. The sole question presented to the trial court, and the only

ESTES v. COMSTOCK HOMEBUILDING COS.

[195 N.C. App. 536 (2009)]

issue to be decided on appeal, is whether Ms. Haskell was acting within the scope of her employment and about her employer's business, as a matter of law, when the negligent act occurred.

## II. Scope of Employment

Comstock argues that the act of smoking was in no way in furtherance of Ms. Haskell's duty to her employer as it was strictly for personal enjoyment. However, not every personal act takes an employee out of the scope of his/her employment. "Not every deviation from the strict execution of his duty is such an interruption of the course of employment as to suspend the master's responsibility, but, if there is a *total departure from the course of the master's business*, the master is not answerable for the servant's conduct." *Parrott v. Kantor and Martin v. Kantor*, 216 N.C. 584, 589, 6 S.E.2d 40, 43 (1939) (citation omitted; emphasis added).

We find that Ms. Haskell did not depart from her employer's business when she smoked the cigarette on the deck of the model home and negligently failed to extinguish it when going to answer the telephone. Ms. Haskell was required by her employer to remain on the premises of the model home unless she was showing a property to a potential customer. She did not deviate from that duty. Ms. Haskell was also required to answer the telephone when it rang. She put out the cigarette, perhaps hastily, in order to answer the ringing telephone.

In sum, the two key factors in this case which lead to Comstock's liability are: (1) Ms. Haskell was on the premises of her employer where she was required to be, able and willing to perform her duties; and (2) the negligence occurred when she went to perform one of those duties, answering the telephone.

Comstock relies heavily on *Tomlinson v. Sharpe*, the only North Carolina case that directly deals with an employer's liability when an employee negligently causes a fire while smoking a cigarette. In *Tomlinson*, the defendant's employees were driving a company truck when it broke down, blocking passage on the highway. *Tomlinson*, 226 N.C. at 179, 37 S.E.2d at 500. The plaintiff's truck, operated by its employees, pulled over to assist the defendant's employees. *Id.* Still unable to restart the truck, the defendant's employees got into plaintiff's truck as it was a cold evening. *Id.* The defendant's employees were warned not to light a match because a gas leak had saturated the passenger floor mats. *Id.* at 180, 37 S.E.2d at 500. Nevertheless,

one of the defendant's employees struck a match to light a cigarette and threw the lit match on the floor of the truck, which caused the truck to ignite. *Id.* The trial court found, and our Supreme Court affirmed, that the defendant's employees were not acting within the scope of their employment when they negligently threw the match on the gasoline soaked floor. *Id.* at 183, 37 S.E.2d at 502. The Court noted the applicable rule of law was aptly stated in section 235 of the Restatement of Agency which provides, " '[a]n act of the servant is not within the scope of employment if it is done with no intention to perform it as a part of or incident to a service on account of which he is employed.' " *Id.* (quoting Restatement (First) of Agency § 235 (1933)).

The primary distinguishing factor between *Tomlinson* and the present case is that the defendant's employees in *Tomlinson* were not on the premises of their employer nor using an instrumentality (the truck) of their employer to perform their duties. The Court noted this fact and further stated that the defendant's employees were in the truck to stay warm and were conversing with the plaintiff's employees for some fifteen minutes before they disregarded the warning and lit the match. *Id.* at 179-80, 37 S.E.2d at 500. In the case *sub judice*, plaintiff was on the premises and was merely taking a short break while still attentive to her duties. She negligently put out the cigarette in order to perform one of her specified obligations to her employer.

*Tomlinson* distinguishes the case of *Jefferson v. Derbyshire Farms*, (1921) 2 K.B. 281, which plaintiff cites as supporting its position that Ms. Haskell was in the scope of her employment. The *Tomlinson* Court summarized *Jefferson* as follows:

[D]efendants were using a garage for servicing their trucks, and employed a young man named Booth to work in and about the garage. While Booth was emptying a drum of motor spirit, or benzol, into tins, he struck a match to light a cigarette and threw the match on the floor, causing a destructive fire. The court held the defendant's employers liable on the ground that it was within the scope of Booth's employment to empty motor spirit drums in the garage, and that it was his duty to do this work with reasonable care. To smoke and throw a lighted match on the floor while doing this work was thought to be a negligent act in the performance of the work he was employed to do.

*Tomlinson*, 226 N.C. at 180, 37 S.E.2d at 500-01. Our Supreme Court in *Tomlinson* interpreted this case and found, "[t]he epitome of the

decision [in *Jefferson*] is that recovery was permitted on the ground that the servant was doing the act he was employed to do, negligently." *Id.* at 180-81, 37 S.E.2d at 501. The *Tomlinson* Court held that the defendant's employees in the case before them were not performing an act "connected with any business for [their] employer" as they were not on the premises of their employer, nor were they using an instrumentality of their employer when the negligent act occurred. *Id.* at 180, 37 S.E.2d at 500.

In the present case, we find that Ms. Haskell remained on duty during the "smoke break." It is uncontroverted that she performed her duties negligently and started the fire. In other words, Ms. Haskell was on duty despite the fact that she was smoking on the deck of the model home, and when the telephone rang, she negligently failed to extinguish the cigarette in order to perform her duty inside. Restatement of Agency, section 236 states that a servant may be within the scope of employment if "the servant, although performing his employer's work, is at the same time accomplishing his own objects or those of a third person which conflict with those of the master." Restatement (Second) of Agency § 236 (1958). This theory comports with the holding of *Tomlinson* and its interpretation of *Jefferson*.

Comstock argues that even though Ms. Haskell was on the premises of her employer when the negligent act occurred, she was nevertheless acting outside the scope of her employment since the act of smoking was purely personal.

> Under North Carolina law, as generally, an employee can go "on a frolic of his own" not only by physically leaving his post of duty or "detouring" from an assigned route of travel, but by engaging in conduct which though it occurs while he is on duty and physically on the post or route of duty, is in no way "about," or "in furtherance of," "his master's business."

*McNair v. Lend Lease Trucks, Inc.*, 62 F.3d 651, 657 (4th Cir. 1995), *reversed on other grounds*, 95 F.3d 325 (4th Cir. 1996) (citing *Medlin v. Bass*, 327 N.C. 587, 398 S.E.2d 460 (1990) (school principal's sexual assault on student in his office while on duty was outside scope of employment); *Wegner v. Delicatessen*, 270 N.C. 62, 153 S.E.2d 804 (1967) (employer not held liable where employee attacked a restaurant patron)). Therefore, an employee can be on the premises of his/her employer and still act outside the scope of employment. Being on the premises does not automatically create liability for the

employer. However, if an employee is on the premises and the negligent act occurs while the employee is acting in furtherance of his duties, then the employer is liable under the doctrine of respondeat superior.

Comstock is accurate in contending that smoking a cigarette is a purely personal action; however, the essence of Comstock's argument is that any personal act by an employee that does not directly benefit the employer is outside the scope of employment. We do not agree with that assertion. As indicated in *Tomlinson*, *Jefferson*, and the Restatement of Agency, an employee can simultaneously perform a duty for his/her employer while also undertaking a personal endeavor. If the personal endeavor is performed negligently, then the employee has also performed his/her duty negligently.

Conversely, not every personal act performed while on duty will result in employer liability. There must be a nexus between the negligent act and the performance of the employee's duties. In the case before us, there was a nexus between Ms. Haskell's attempt to put out her cigarette and the answering of the telephone for her employer. The act of smoking while on duty did not take her out of the scope of her employment despite the personal nature of the activity.

### III. Authority to Smoke

Based on the depositions in this case, there was a dispute as to whether Ms. Haskell was permitted to smoke on the premises, and whether Comstock ratified her smoking on the deck of the model home. Comstock claims that this dispute created a material issue of fact that should have prevented summary judgment for plaintiff. However, whether Ms. Haskell was permitted to smoke on the deck of the model home is not relevant to the analysis in this case. The issue here is whether Ms. Haskell was in the scope of her employment, and about the business of her employer, when the negligent act occurred. Performing a forbidden act does not necessarily remove an employee from the course and scope of employment.

> If an employee is negligent while acting in the course of employment and such negligence is the proximate cause of injury to another, the employer is liable in damages under the doctrine of *respondeat superior*, notwithstanding the fact that the employer, himself, exercised due care in the supervision and direction of the employee, *the employee's violation of instructions being no defense to the employer*.

*Johnson v. Lamb*, 273 N.C. 701, 707, 161 S.E.2d 131, 137 (1968) (emphasis in original and emphasis added).

> It is well settled in this State that "[i]f the act of the employee was a means or method of doing that which he was employed to do, though the act be unlawful and unauthorized or even forbidden, the employer is liable for the resulting injury, but he is not liable if the employee departed, however briefly, from his duties in order to accomplish a purpose of his own, which purpose was not incidental to the work he was employed to do."

*Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 491-92, 340 S.E.2d 116, 122 (1986) (citation omitted; alteration in original). Therefore, even if it were proven that Ms. Haskell was not authorized to smoke, Comstock would still be liable under the doctrine of respondeat superior if she were in the scope of her employment while performing the act.

We find that no issue of material fact existed because whether or not Comstock authorized or ratified the smoking was irrelevant as Ms. Haskell was acting within the course and scope of her employment.

## Conclusion

In this case, Ms. Haskell, an employee of Comstock, was on the premises of her employer, still attentive to her duties, when she committed a negligent act in the same transaction as an obligation to her employer. We hold that Ms. Haskell was in the scope of her employment and about her employer's business at the time the negligent act occurred and therefore liability was properly imputed to Comstock.

Affirmed.

Judges ELMORE and JACKSON concur.