DIAMOND J. MATTHEWS, PLAINTIFF V. FOOD LION, LLC, DEFENDANT

No. COA10-73

(Filed 6 July 2010)

**Negligence— summary judgment—respondeat superior—no error**

> The trial court did not err in granting summary judgment in favor of defendant on plaintiff's negligence claim arising out of injuries allegedly sustained as a result of defendant's employee entering the bathroom and hitting plaintiff with the door. Defendant was not liable for the actions of its employee under the theory of *respondeat superior* because there was no genuine issue of material fact that the employee was not operating within the scope of her employment at the time of the incident.

Appeal by Plaintiff from an order entered 30 November 2009 by Judge Craig Ellis in Harnett County Superior Court. Heard in the Court of Appeals 10 June 2010.

*Law Offices of James M. Johnson and Brent Adams & Associates, by James M. Johnson and Brenton D. Adams, for Plaintiff-Appellant.*

*Patterson Dilthey, LLP, by Julie L. Bell, for Defendant-Appellee.*

BEASLEY, Judge.

Plaintiff appeals from a trial court order granting Defendant's motion for summary judgment. For the reasons stated herein, we affirm.

The complaints and evidentiary stipulations on file disclose the following: On 31 December 2006, Brigitte Hall, an employee of Food Lion, LLC (hereinafter Defendant) allegedly injured Plaintiff, Diamond J. Matthews, while Hall entered the bathroom at a brisk pace. While on duty, Hall's responsibilities as a part-time cashier consisted of serving customers and bagging groceries. At the time of the incident, Hall had "clocked out" of work and was heading towards the bathroom before leaving the premises. Upon opening the door, Hall discovered the Plaintiff on the floor, some distance from the door, injured and upset. Hall called for assistance from other employees of Defendant and called 911. Hall waited with Plaintiff until assistance arrived. Rescue assistance accompanied the Plaintiff to the hospital.

On 24 March 2009, Plaintiff-appellant filed a Complaint against Food Lion, Inc. and Delhaize America, Inc. In the complaint the Plaintiff alleged that she suffered constant pain as a result of her injury and incurred substantial medical costs. Plaintiff argued that there was sufficient evidence to create a genuine issue of fact as to Hall's negligence and Defendant's liability under the theory of respondeat superior. The original Complaint improperly alleged negligence caused by "Brittany Hall," an employee of Defendant. Plaintiff alleged, inter alia, that "Brittany Hall" was negligent and as an employee of Defendant, acting within the scope of her employment, Defendant was liable for Plaintiff's damages under a theory of respondeat superior and/or agency.

On 7 May 2009, Defendant filed its answer denying negligence and a Motion to Dismiss due to Plaintiff's failure to properly identify Defendant as Food Lion, LLC. On 28 July 2009, Plaintiff filed an Amended Complaint which properly identified Defendant as Food Lion, LLC. Defendant responded on 6 August 2009, by filing an Answer to the Amended Complaint denying negligence and a Motion

**MATTHEWS v. FOOD LION, LLC**

[205 N.C. App. 279 (2010)]

to Dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. On 209 November 2009, Plaintiff filed a Motion to amend its Complaint, along with its Second Amended Complaint, which properly identified Defendant's employee as "Brigitte Hall." After completion of discovery, the trial court entered an Order on 30 November 2009 granting Defendant's Motion for Summary Judgment.

On appeal, Plaintiff argues that there is a genuine issue of fact as to whether Hall, Defendant's employee, was acting within the scope of her employment at the time of the alleged negligence. We disagree.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009). The standard of review from a grant or denial of summary judgment is de novo. *Builders Mut. Ins. Co. v. North Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006). Because summary judgment is a "drastic remedy" that eliminates the need for a full trial, summary judgment should be "granted cautiously." *See Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 51, 191 S.E.2d 683, 688 (1972). Summary judgment is particularly regarded as an extreme remedy in negligence cases and rarely appropriate, since the reasonable person or due care standard is ordinarily a jury question. *See generally Williams v. Power & Light Co.*, 296 N.C. 400, 402, 250 S.E.2d 255, 257 (1979). However, where no genuine issue of material fact exists and reasonable people could only conclude that Defendant was not negligent, summary judgment is proper. *See Wilson Brothers v. Mobil Oil*, 63 N.C. App. 334, 337, 305 S.E.2d 40, 43 (1983); *see also Byrd Motor Lines v. Dunlop Tire and Rubber*, 63 N.C. App. 292, 304, 304 S.E.2d 773, 779-81 (1983).

## I. Doctrine of Respondeat Superior

Generally, employers are liable for torts committed by their employees who are acting within the scope of their employment under the theory of respondeat superior. *See Estes v. Comstock Homebuilding Cos.*, —— N.C. App. ——, ——, 673 S.E.2d 399, 402 ("[A] master is responsible for the negligence of his servant which results in injury to a third person when the servant is acting within the scope of his employment and about the master's business."), *disc. review denied*, 363 N.C. 373, 678 S.E.2d 238 (2009). As a general rule, liability of a principal for the torts of its agent may arise in three situations:

(1) when the agent's act is expressly authorized by the principal; (2) when the agent's act is committed within the scope of his employment and in furtherance of the principal's business, or (3) when the agent's act is ratified by the principal. *See Snow v. DeButts,* 212 N.C. 120, 122, 193 S.E. 224, 226 (1937). There is no contention that Defendant expressly authorized or ratified Hall's conduct. For this Court to conclude that summary judgment was inappropriate, there must be a genuine issue of material fact as to whether Hall was acting within the scope of her employment at the time of the incident and her negligence can therefore be imputed to the Defendant.

In *Overton v. Henderson,* 28 N.C. App. 699, 222 S.E.2d 724 (1976), this Court stated that

[t]he principal is liable for the acts of his agent, whether malicious or negligent, and the employer for similar acts of his employees,. . . . The test is whether the act was done within the scope of his employment and in the prosecution and furtherance of the business which was given him to do.

*Id.* at 701, 222 S.E.2d at 726.

In the event that an employee is "engaged in some private matter of his own or outside the legitimate scope of his employment" the employer is no longer responsible for the negligence of the employee. *Van Landingham v. Sewing Machine Co.,* 207 N.C. 355, 357, 177 S.E. 126, 127 (1934). "It is only when the relation of master and servant between the wrongdoer and his employer exists at the time and in respect to the very transaction out of which the injury arose that liability therefore attaches to the employer." *Estes v. Comstock Homebuilding Cos.,* —— N.C. App. at ——, 673 S.E.2d at 402 (quoting *Tomlinson v. Sharpe,* 226 N.C. 177, 179, 37 S.E.2d 498, 500 (1946)).

II. Scope of Employment

In order for this Court to find Defendant liable for the actions of its employee under the theory of respondeat superior, the employee must be found to have been operating within the scope of her employment at the time of the incident. "To be within the scope of employment, an employee, at the time of the incident, must be acting in furtherance of the principal's business and for the purpose of accomplishing the duties of his employment." *Troxler v. Charter Mandela Center,* 89 N.C. App. 268, 271, 365 S.E.2d 665, 668 (1988). This Court has held that if an employee departs from the purpose of accomplishing the duties of her employment to accomplish a private

purpose, the employer is not liable. *See Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 491, 340 S.E.2d 116, 122 (1986). However, "Restatement of Agency, section 236 states that a servant may be [acting] within the scope of [her] employment if 'the servant, although performing [her] employer's work, is at the same time accomplishing [her] own objects or those of a third person which conflict with those of the master.' " *Estes v. Comstock Homebuilding Cos.*, —— N.C. App. at ——, 673 S.E.2d at 403 (quoting Restatement (Second) of Agency § 236 (1958)).

Plaintiff argues that although Hall was an off-duty employee at the time of the incident, Hall was still under a duty to inspect the bathroom and report back to Defendant regarding its cleanliness. Even when viewed in the light most favorable to the Plaintiff, there is insufficient evidence to demonstrate that the Defendant is liable under the theory of respondeat superior for actions conducted by an employee while off-duty. Rather, the evidence establishes that Defendant has no control over the actions of its employees once they have "clocked out" of work. It is not enough that the employee was present on the employer's premises at the time of the incident. *Id.* at 492, 340 S.E.2d at 122. Although Hall was on the premises of Defendant at the time of the incident, there is not sufficient evidence to support a finding that Hall was acting within the scope of her employment or in the furtherance of any purpose of Defendant at the time the incident occurred.

Plaintiff further references *Estes* in support of the position that Hall was still operating under the scope of her employment even though she departed from the course of business of her employer. *See generally Estes*, —— N.C. App. ——, 673 S.E.2d 399. In *Estes*, it was the employer's policy that a sales assistant not leave the premises of the model home for any reason other than to show a property to a potential customer. The employee in *Estes* followed the instructions of her employer while she was on duty and did not leave the premises as instructed. Although the employee had stepped outside of the model home for a purely personal purpose, she ran back into work to answer a work related phone call, a responsibility of the employee while on duty and in furtherance of the employer's business. This Court held in *Estes* that there must be a "nexus between the negligent act and the performance of the employee's duties." *Id.* at ——, 673 S.E.2d at 404.

The distinction between *Estes* and the present case is that in *Estes* the employee remained on duty at the time the incident oc-

curred. In contrast, the facts of the case *sub judice* indicate that the employee, Hall, was not on duty, was not required to be on the premises at the time of the incident, and was not going to the bathroom in furtherance of Defendant's business. Hall was not acting within the scope of her employment at the time of the incident and Hall had completely departed from the course of business of her employer. *See id. at* ——, 673 S.E.2d at 402 (citing *Parrot v. Kantor and Martin v. Kantor,* 216 N.C. 584, 589, 6 S.E.2d 40, 43 (1939)). Therefore, Defendant is not liable for Hall's conduct.

In addition, Plaintiff references *Hunt v. State* in support of the proposition that Hall was acting within the scope of her employment even though she was an off-duty employee. 201 N.C. 707, 161 S.E. 203 (1931). Plaintiff contends that *Hunt* stands for the proposition that a "reasonable margin" of time must be allowed for the employee to arrive and leave her place of employment. *Id.* at 710-11, 161 S.E. at 205. However, this case does not apply to the instant case because it does not involve a similar respondeat superior claim. Rather, *Hunt v. State* applies the Workers' Compensation Act to an employee recovering directly from an employer. Plaintiff fails to cite, nor could we find, a case in which this rule allows a third party to recover from an employer under the theory of respondeat superior.

North Carolina courts have held that where the employee is no longer acting in furtherance of the company's business at the time of the accident, the company is not liable under the theory of respondeat superior. *See generally Felts v. Hoskins,* 115 N.C. App. 715, 446 S.E.2d 110 (1994) (employer not held liable for the alleged negligence of vice-president and shareholder who was not acting in furtherance of company's business at time of accident); *see also Camalier v. Jeffries,* 340 N.C. 699, 460 S.E.2d 133 (1995) (newspaper reporter not in scope of employment, when attending party of newspaper, inter alia because he was not required to attend the party, attendance was not required, and the employee was not compensated).

In the case *sub judice,* Defendant had no control over Hall once she had clocked out of work. Although Hall was on the premises of her employer, her employer had no control over her conduct once she was "off the clock." Therefore, Hall was acting outside the scope of her employment at the time she entered the bathroom and Defendant is not liable under the theory of respondeat superior. Accordingly, the trial court properly granted Defendant's motion for summary judgment.

Affirmed.

Judges GEER and JACKSON concur.